James K. OBERST, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 14A05–103–PC–157.

Court of Appeals of Indiana.

Nov. 3, 2010.

Transfer Denied Jan. 14, 2011.

Dale P. Webster, Webster & Webster, Vincennes, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Ellen H. Meilaender, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

James K. Oberst appeals the post-conviction court's denial of his petition for post-conviction relief. He contends that his trial counsel was ineffective on several grounds, including allowing him to give a statement that he had sexual intercourse with the victim to police in counsel's presence. Because Oberst gave this statement to police in counsel's presence before ad-

versary criminal proceedings had been initiated, Oberst had no Sixth Amendment right to counsel and therefore no right to the effective assistance of counsel. Finding no other instances of ineffective assistance of counsel, we affirm the post-conviction court.

### Facts and Procedural History

The underlying facts of this case, taken from this Court's opinion in Oberst's direct appeal, are as follows:

> On December 30, 1998, Oberst was charged with two counts of sexual misconduct with a minor, both class B felonies. The informations alleged that Oberst had sexual intercourse with fourteen-year-old P.G. on two separate occasions in July 1998. At Oberst's trial, P.G. testified that while at an auction one evening in July 1998, Oberst took her behind some hay bales and told her to bend over and pull her pants down. Oberst attempted to insert his penis into P.G.'s rectum. When that was unsuccessful, "the next thing [P.G.] knew [they] were over at [Oberst's] truck" where Oberst inserted his penis into P.G.'s vagina. Following the completion of P.G.'s testimony, the State called Detective Ron Morgan to the stand. Detective Morgan testified that Oberst, along with his attorney, came to the Sheriffs Department on December 2, 1998, and gave a tape recorded statement after being advised of his *Miranda* rights and signing a waiver of rights form. In the statement, Oberst admitted to having sexual intercourse with P.G. on two separate occasions: once behind some hay bales and once in the bed of his truck.

*Oberst v. State*, 748 N.E.2d 870, 873–74 (Ind.Ct.App.2001) (citation omitted), *trans. denied.* The jury found Oberst guilty of both counts of sexual misconduct with a minor. The trial court sentenced him to twenty years on each count, to be served consecutively, for an aggregate term of forty years.

On direct appeal, this Court held that the admission of Oberst's confession constituted fundamental error because the State did not establish the corpus delicti for one of the counts of sexual misconduct with a minor as the victim testified to only one act of sexual intercourse. *Id.* at 874–77. We therefore reversed and vacated one of Oberst's convictions. *Id.* at 877. Upon resentencing for the remaining count of Class B felony sexual misconduct with a minor, the trial court sentenced Oberst to ten years. Appellant's App. p. 116.

In August 2008 Oberst filed a petition for post-conviction relief, which was later amended. Oberst alleged that his trial counsel was ineffective on several grounds.

Oberst testified at the post-conviction hearing that on December 2, 1998, he remembered going to the Sheriffs Department for an interview with Detective Morgan. Trial counsel happened to be there seeing another client, so he assisted Oberst. Oberst testified that he was taking prescription medications on December 2 (but he could no longer remember the name of the medications), and as a result of the medications, he did not recall talking to Detective Morgan. P–C Tr. p. 7. When asked if he recalled talking to trial counsel on that day as well, he said, "No, not really. I mean, it's just blank." *Id.* Oberst did not call his trial counsel in support of his petition. However, he did call Donita Farr, a Vincennes, Indiana, attorney who was qualified as a skilled witness, to testify regarding the applicable standards for defending clients in Indiana. The post-conviction court denied relief, concluding that "[t]here is no evidence presented which was sufficient to establish that as a reasonable probability but for trial counsel's alleged failures, the result of

the proceedings would have been any different." Appellant's App. p. 22. Oberst now appeals.

### Discussion and Decision

 Oberst appeals the post-conviction court's denial of his petition for post-conviction relief. In a post-conviction proceeding, the petitioner bears the burden of establishing grounds for relief by a preponderance of the evidence. Ind. Post-Conviction Rule 1(5); *Henley v. State*, 881 N.E.2d 639, 643 (Ind.2008). When appealing the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment. *Henley*, 881 N.E.2d at 643. The reviewing court will not reverse the judgment unless the petitioner shows that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. *Id.* at 643–44. Further, the post-conviction court in this case made findings of fact and conclusions of law in accordance with Indiana Post-Conviction Rule 1(6). We will reverse a post-conviction court's findings and judgment only upon a showing of clear error, which is that which leaves us with a definite and firm conviction that a mistake has been made. *Id.* at 644. The post-conviction court is the sole judge of the weight of the evidence and the credibility of the witnesses. *Fisher v. State*, 810 N.E.2d 674, 679 (Ind.2004). We accept findings of fact unless clearly erroneous, but we accord no deference to conclusions of law. *Id.*

 Oberst contends that his trial counsel was ineffective. A claim of ineffective assistance of counsel involves two components. First, the petitioner must establish that counsel's performance was deficient, in that counsel's representation fell below an objective standard of reasonableness. *Wrinkles v. State*, 915 N.E.2d 963, 965 (Ind.2009) (citing *Strickland v. Washington*, 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Second, the petitioner must establish that the deficient performance prejudiced his defense. *Id.* In other words, the petitioner must show that but for counsel's errors, the result of the proceeding would have been different. *Id.* (citing *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052). Isolated mistakes, poor strategy, inexperience, and instances of bad judgment do not necessarily render representation ineffective. *Reed v. State*, 866 N.E.2d 767, 769 (Ind.2007). Moreover, because counsel is afforded considerable discretion in choosing strategy and tactics, a strong presumption arises that counsel rendered adequate assistance. *Id.* If we can dismiss an ineffective assistance claim on the prejudice prong, we need not address whether counsel's performance was deficient. *Helton v. State*, 907 N.E.2d 1020, 1023 (Ind.2009).

 Oberst argues that his trial counsel was ineffective for multiple reasons. Before addressing these reasons, we note that Oberst did not present testimony from his trial counsel at the post-conviction hearing. When counsel is not called as a witness to testify in support of a petitioner's arguments, the post-conviction court may infer that counsel would not have corroborated the petitioner's allegations. *Culvahouse v. State*, 819 N.E.2d 857, 863 (Ind.Ct.App.2004) (citing *Dickson v. State*, 533 N.E.2d 586, 589 (Ind.1989)), *trans. denied.* The post-conviction court made such an inference here. *See* Appellant's App. p. 21.

### I. Claims of Pretrial Ineffectiveness

 Oberst first argues that his trial counsel was ineffective for allowing him to be questioned by police at the Sheriffs Department on December 2, 1998. Trial counsel happened to be at the Sheriff's Department on December 2, 1998, seeing

another client and agreed to assist Oberst. Trial counsel was representing Oberst in an unrelated criminal matter. Oberst consulted with trial counsel and then signed a waiver of rights. In fact, trial counsel signed as a witness on Oberst's waiver of rights form. Trial counsel was present during the entire interview between Detective Morgan and Oberst, during which Oberst admitted to having sexual intercourse with the victim. Charges were not filed against Oberst until December 30, 1998. After charges were filed, trial counsel was appointed Oberst's attorney in this matter. Oberst asserts that trial counsel was ineffective because counsel should have somehow stopped him from confessing during the December 2, 1998, interview.

▮▮▮ The Sixth Amendment right to counsel attaches only at the initiation of adversary criminal proceedings.[1] *Sweeney v. State*, 886 N.E.2d 1, 8 (Ind.Ct.App.2008) (citing *Davis v. United States*, 512 U.S. 452, 456, 114 S.Ct. 2350, 129 L.Ed.2d 362 (1994)), *reh'g denied, trans. denied, cert. denied*, —— U.S. ——, 129 S.Ct. 506, 172 L.Ed.2d 372 (2008); *see also Sweeney v. State*, 704 N.E.2d 86, 106 (Ind.1998), *cert. denied*, 527 U.S. 1035, 119 S.Ct. 2393, 144 L.Ed.2d 793 (1999). "[B]efore proceedings are initiated a suspect in a criminal investi-

gation has no constitutional right to the assistance of counsel." *Davis*, 512 U.S. at 457, 114 S.Ct. 2350; *see also McNeil v. Wisconsin*, 501 U.S. 171, 175, 111 S.Ct. 2204, 115 L.Ed.2d 158 (1991) (noting that the Sixth Amendment right to counsel does not attach until a prosecution is commenced, that is, "at or after the initiation of adversary judicial criminal proceedings—whether by way of formal charge, preliminary hearing, indictment, information, or arraignment."). *But see Caraway v. State*, 891 N.E.2d 122, 127 (Ind.Ct.App. 2008) (holding that the right to counsel can attach earlier than the initiation of criminal proceedings), *reh'g denied, trans. not sought.*

Because criminal proceedings were not initiated when the police interviewed Oberst on December 2, 1998, the Sixth Amendment right to counsel is not implicated in this case. And because Oberst did not have the Sixth Amendment right to counsel during the December 2 interview, it does not matter what trial counsel did or did not do during that interview. In other words, Oberst did not have the right to effective representation during that interview. *See* 3 Wayne R. LaFave et al., *Criminal Procedure* § 11.7(a) (3d ed. 2007) ("[W]here there is no constitutional right

---

1. Although the Sixth Amendment right to counsel does not attach until formal criminal proceedings are initiated, a suspect has certain procedural rights before that time pursuant to *Miranda v. Arizona*, including the right to counsel during any custodial interrogation:

 The Sixth Amendment right to counsel attaches only at the initiation of adversary criminal proceedings, *see United States v. Gouveia*, 467 U.S. 180, 188, 104 S.Ct. 2292, 2297, 81 L.Ed.2d 146 (1984), and before proceedings are initiated a suspect in a criminal investigation has no constitutional right to the assistance of counsel. Nevertheless, we held in *Miranda v. Arizona*, 384 U.S. 436, 469–473, 86 S.Ct. 1602, 1625–1627, 16 L.Ed.2d 694 (1966), that a suspect subject to custodial interrogation has the

 right to consult with an attorney and to have counsel present during questioning, and that the police must explain this right to him before questioning begins. The right to counsel established in *Miranda* was one of a "series of recommended procedural safeguards ... [that] were not themselves rights protected by the Constitution but were instead measures to insure that the right against compulsory self-incrimination was protected." *Michigan v. Tucker*, 417 U.S. 433, 443–444, 94 S.Ct. 2357, 2363–2364, 41 L.Ed.2d 182 (1974); *see* U.S. Const., Amdt. 5 ("No person ... shall be compelled in any criminal case to be a witness against himself").

 *Davis v. United States*, 512 U.S. 452, 456–57, 114 S.Ct. 2350, 129 L.Ed.2d 362 (1994).

to the assistance of counsel ..., there does not exist a constitutional right to effective representation by counsel."). Oberst therefore cannot present an ineffective assistance of counsel claim as to this issue.[2] *See, e.g., United States v. Moody,* 206 F.3d 609, 612–16 (6th Cir.2000) (court held that defendant could not present a Sixth Amendment ineffective assistance of counsel claim because he was not yet charged when trial counsel (wrongly) advised him to reject a plea bargain; court acknowledged the failings of such a "bright line" rule test but felt United States Supreme Court precedent mandated such a ruling), *cert. denied,* 531 U.S. 925, 121 S.Ct. 301, 148 L.Ed.2d 241 (2000); *see also* LaFave, *supra,* § 11.7(a) n. 16.

■ Oberst next argues that his trial counsel was ineffective for failing to conduct an adequate pretrial investigation. Specifically, Oberst contends that: (1) he told counsel that he did not remember giving a statement to Detective Morgan; (2) he told counsel that he was taking medications at the time of his statement to Detective Morgan, which impacted the voluntariness of his statement; (3) he told counsel that he often saw the victim with another young man; (4) he gave counsel a videotape of the crime scene to show that the victim's claims could not be true; (5) he gave counsel a list of potential alibi witnesses or witnesses who could attack the victim's credibility; and (6) he told counsel about the victim's mental limitations.

Although much of this information was indeed presented at trial, *see* Tr. p. 468 (Oberst testified that he took a medicine called "Clorazepate" at time of his statement to Detective Morgan), 459 (Oberst testified that he saw the victim with a "Mark"), 342–44 (victim experienced seizures and was taking medications at the time of the offense), Oberst has failed to show how any of these alleged deficiencies have resulted in prejudice to him.

Oberst testified at the post-conviction hearing that he was taking medications at the time of the December 2, 1998, interview; however, he could no longer remember what those medications were. In other words, Oberst did not present any evidence to demonstrate how those medications deprived him of the ability to give a voluntary statement. He has thus failed to show that trial counsel was ineffective for failing to take action with respect to some unidentified medications.

Similarly, Oberst testified at the post-conviction hearing that he gave trial counsel a list of witnesses and told him about a man named "Mark" who was always with the victim. However, he did not present these witnesses (much less any evidence that "Mark" was even a suspect) at the hearing. Without any information as to what these unidentified witnesses could have provided, Oberst cannot establish prejudice from counsel's failure to investigate and present them at his trial.

Oberst did not submit the crime scene videotape he claims to have provided trial counsel into evidence at the post-conviction hearing. And there is no evidence to show how this videotape would have benefitted Oberst. Oberst has not established prejudice.

Finally, Oberst did not present any evidence at the post-conviction hearing concerning the victim's mental limitations or introduce any of her health records. Therefore, he cannot show prejudice from the absence of this information at his trial.

---

2. We note that Oberst cites Article 1, Section 13 of the Indiana Constitution in this section for the first time in his reply brief. A party cannot raise an issue for the first time in his reply brief. *See* Ind. Appellate Rule 46(C).

■ Oberst next argues that his trial counsel was ineffective for failing to file a motion to suppress his confession, a request for experts, and a notice of alibi.

Oberst asserts that trial counsel should have moved to suppress his statement to Detective Morgan based upon his inability to comprehend what was taking place because "[h]ad [trial counsel] investigated the medications [he] was taking and obtained expert witnesses such a motion would have resulted in the suppression of the statement." Appellant's Br. p. 11. When a defendant claims he was under the influence of drugs at the time he made a statement, "the degree of his mental impairment is of critical importance." *Pruitt v. State*, 834 N.E.2d 90, 115 (Ind.2005) (quotation omitted), *reh'g denied.* Only when an accused is so intoxicated that he is unaware of what he is saying will his statement be rendered involuntary. *Id.*

Here, Detective Morgan testified at Oberst's trial that Oberst did not appear to be intoxicated, his speech was clear, his eyes were normal, he was able to make eye contact, he was able to answer questions, he had good coordination, and he did not appear to be under the effects of alcohol, marijuana, or any other drugs. And a review of Oberst's written statement confirms its fluency and clarity. Moreover, Oberst has not established on post-conviction what medications and dosages he was taking at the time of his statement and how the medications affected his mental impairment to the requisite degree. Trial counsel, who was present during Oberst's statement and was able to evaluate Oberst firsthand, was not ineffective for failing to file a motion to suppress his statement on this ground.

■ As for Oberst's almost afterthought argument that trial counsel should have applied to the trial court for expenses for experts to assist with the motion to suppress (as well as with matters regarding the victim's mental capacity), Oberst presented no expert testimony at the post-conviction hearing and therefore can show no prejudice from the lack of experts at his trial on these matters.

■ Oberst next asserts that trial counsel was ineffective for failing to file a notice of alibi. *See* Ind.Code § 35–36–4–1 (providing that defendant shall file notice of alibi in felony case twenty days before omnibus date). Right before trial started, it was discovered that trial counsel had not filed a notice of alibi. Oberst informed the trial court that he wanted to fire trial counsel because he had told counsel about alibi witnesses Debra Foster and Daniel Baker, but counsel still did not file the notice. Appellant's App. p. 477–78. The State objected to allowing the alibi witnesses to testify. The trial court, however, found a middle ground, refusing to allow Oberst to fire his court-appointed counsel but allowing the alibi witnesses to testify, but only after allowing the State to interview them first. *Id.* at 478–79. Foster and Baker both testified on behalf of Oberst during trial.

Because both Foster and Baker ultimately testified as alibi witnesses, Oberst cannot establish prejudice from trial counsel's failure to file the notice of alibi. In addition, Oberst makes no claim on post-conviction that there were other alibi witnesses or that counsel failed to elicit additional information from Foster or Baker. Oberst has thus failed to establish ineffective assistance of counsel on this issue.

## II. Claims of Trial Ineffectiveness

■ Oberst first argues that trial counsel was ineffective for failing to withdraw as his counsel at the beginning of trial when Oberst indicated that he wanted to fire counsel for failing to file a notice of alibi. Oberst alleges that trial counsel

should have requested a continuance and asked the court to appoint a new lawyer for him. The trial court, however, was quite clear in its position on this matter:

THE COURT [Judge Judith H. Dwyer]: All right, although some attorneys may doubt it, the Court does know the law. Mr. Oberst, you're entitled to [a] court appointed attorney, you are not entitled to pick and choose, and in my opinion, you are not entitled to fire your attorney on the date of trial, particularly when the county is paying for him. I'm not finished. Mr. Overton, I'm not going to exclude the alibi witness. We're going to go through this and get it over with, once and for all. You may appeal the Court on that. I realize the solution is to exclude it, but I'm not going to. So there, neither one of you got what you wanted. Now Mr. Oberst, what do you want to say?

MR. JAMES K. OBERST, Defendant: Thank you, Ma'am. That answered what I was going to ask you, what I was going to say.

Appellant's App. p. 478–79. That is, had trial counsel moved for a continuance and requested a new lawyer for Oberst, the trial court would have denied it. Moreover, the reason why Oberst was upset with trial counsel had been rectified because the trial court allowed Oberst's alibi witnesses to testify. Oberst has failed to establish ineffective assistance of counsel on this issue.

██ Oberst next argues that trial counsel was ineffective for failing to object to or suppress his confession during trial. Oberst fails to allege on what grounds counsel should have objected. To the extent he argues that Oberst should have objected on corpus delicti grounds, we note that one of Oberst's convictions has al-ready been reversed as fundamental error on direct appeal and therefore Oberst cannot establish prejudice for trial counsel's failure to object on this ground. Oberst then argues that trial counsel should have moved to suppress his statement during trial and that such a motion hinged on the medications and dosages Oberst was taking. As explained above, Oberst has failed to present any of this critical information on post-conviction. This claim thus fails.

██ Oberst next argues that trial counsel was ineffective for conducting an inadequate cross-examination of the State's witnesses. Oberst, however, presents no argument much less any evidence as to what information counsel could have, but failed to, elicit on cross-examination. Although he specifically mentions impeaching the credibility of the victim, he presented no evidence at the post-conviction hearing concerning the victim that could have been used to impeach her credibility. Oberst has shown neither deficient performance nor prejudice on this issue.

██ Last, Oberst argues that trial counsel was ineffective in his presentation of the alibi witnesses. He mainly complains that trial counsel did not request a continuance and the witnesses were interviewed by the State (before they were allowed to testify at trial) without trial counsel present. Oberst, however, did not present any evidence from his alibi witnesses at the post-conviction hearing. Therefore, there is no evidence as to what information trial counsel could have elicited from the witnesses had he been more prepared. Again, Oberst has failed to show prejudice.

As a final matter, we note that although Oberst presented the post-conviction testimony of Attorney Farr concerning the ap-

plicable standards for defending clients in Indiana, the post-conviction court was entitled to disregard her testimony, which it ultimately did. *Id.* at 19–20.

Oberst has not shown that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. We therefore affirm.

Affirmed.

MAY, J., and ROBB, J., concur.