**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jan 20 2012, 8:30 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**THOMAS E. Q. WILLIAMS**
Greenfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JODI KATHRYN STEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| OPIE W. GLASS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  30A05-1107-PC-373 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HANCOCK CIRCUIT COURT
The Honorable Richard D. Culver, Judge
Cause No.  30C01-0911-FC-267

**January 20, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**DARDEN, Judge**

Opie Glass appeals the denial of his petition for post-conviction relief.

We affirm.

ISSUE

The sole issue for our review is whether the post-conviction court erred in denying Glass's petition.

FACTS

On November 11, 2009, Glass and his girlfriend, Teri Wildman ("Wildman") decided to break into a business in Greenfield, Indiana in order to obtain money to buy crack cocaine. At approximately 2:00 a.m., Glass and Wildman drove to Wal-Mart, where they stole two flashlights for use in committing the burglary. The two then proceeded to the combined retail location of the Heavenly Scent Candle Company and Martin Military Surplus store ("the Store"), where Wildman had been employed previously. Wildman used a key she had retained from her employment at the Store to open the door, but Glass became concerned that an alarm may have been activated, so the two returned to their car and drove to a nearby parking lot. After waiting for about forty-five minutes, the pair returned to the Store and saw that no police had arrived. The two then entered the Store, and Wildman stood watch as Glass filled a duffle bag with numerous items, including a laptop computer, pocket knives, and a credit card. Glass and Wildman then placed the items in their car and left.

*Glass v. State,* Cause Number 30A01-1005-CR-247, slip op. at 2 (Ind. Ct. App. December 30, 2010).

Glass was subsequently convicted by a jury of burglary as a class C felony and two counts of theft as class D felonies. He was also adjudicated to be an habitual offender. The trial court sentenced him to eight years for burglary enhanced by six years for the habitual offender determination and three years for each of the theft convictions.

The trial court further ordered all sentences to run concurrently for a total sentence of fourteen years.

On direct appeal in 2010, Glass argued that there was insufficient evidence to support his convictions of burglary and theft and that those convictions violated Indiana's prohibition against double jeopardy. This Court affirmed Glass's convictions.

In 2011, Glass filed a petition for post-conviction relief wherein he argued that he received ineffective assistance of trial counsel. Specifically, Glass argued that counsel would not allow him to testify because of his prior criminal history. At the post-conviction hearing, Glass testified that he told trial counsel several times that he wanted to testify. According to Glass, counsel would not put him on the witness stand because his "criminal history would hang [him]." Tr. at 8. Trial counsel was not called to testify at the hearing, and the trial transcript was not admitted into evidence. The post-conviction court denied Glass's petition. Specifically, the court concluded that considering Glass's lengthy record and demeanor, trial counsel's recommendation to keep Glass off the witness stand was not inappropriate. Glass appeals the denial of his petition.

DECISION

Glass argues that the post-conviction court erred in denying his petition for post-conviction relief. Post-conviction proceedings do not grant a petitioner a "super appeal" but are limited to those issues available under the Indiana Post-Conviction Rules. *Shepherd v. State*, 924 N.E.2d 1274, 1280 (Ind. Ct. App. 2010). Post-conviction

proceedings are civil in nature, and the petitioner bears the burden of proving his grounds by a preponderance of the evidence. *Id.* A petitioner who appeals the denial of a post-conviction relief petition faces a rigorous standard of review because the reviewing court may consider only the evidence and reasonable inferences supporting the judgment of the post-conviction court. *Id.* A petitioner who was denied relief must show that the evidence as a whole leads unerringly and unmistakably to an opposite conclusion than that reached by the post-conviction court. *Id.*

Glass specifically argues that the post-conviction court erred in denying his petition because trial counsel was ineffective for failing to allow him to testify. However, Glass did not present testimony from his trial counsel at the post-conviction hearing. When counsel is not called as a witness to testify in support of petitioner's arguments, the post-conviction court may infer that counsel would not have corroborated the petitioner's allegations. *Oberst v. State,* 935 N.E.2d 1250, 1254 (Ind. Ct. App. 2010), *trans. denied.* The post-conviction court made such an inference here. *See id.*

Further, Glass's claim asks this court to assess trial counsel's strategy, which we will not do. *See Ford v. State*, 523 N.E.2d 742, 746 (Ind. 1988). Counsel's recommendation that Glass not testify was a tactical choice to protect his client from exposure of his criminal record. *See id.* That choice should not now be second guessed because Glass was convicted. *See id.* Glass has failed to show that the evidence as a whole leads unerringly and unmistakably to an opposite conclusion than that reached by the post-conviction court. The post-conviction court did not err in denying his petition.

4

Affirmed.

BAKER, J., and BAILEY, J., concur.