**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



APPELLANT PRO SE:

**JUAN C. DUARTE-LOPEZ**
Bunker Hill, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**NICOLE M. SCHUSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JUAN C. DUARTE-LOPEZ, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 20A03-1205-PC-238 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ELKHART CIRCUIT COURT
The Honorable Terry C. Shewmaker, Judge
Cause No. 20C01-0808-FA-38

**January 9, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**PYLE, Judge**

Juan C. Duarte-Lopez ("Duarte-Lopez") appeals from the post-conviction court's order denying his petition for post-conviction relief, which sought to set aside his guilty plea to class A felony dealing in cocaine based on a claim of ineffective assistance of counsel in advising him of certain consequences of his guilty plea.

We affirm.

## ISSUE

Whether the post-conviction court erred by denying Duarte-Lopez's petition for post-conviction relief.

## FACTS

In August 2008, the State charged Duarte-Lopez, who was a Mexican immigrant and living in the United States illegally, with three counts of class A felony dealing in cocaine. In July 2009, Duarte-Lopez pled guilty, pursuant to a written plea agreement, to one count of class A felony dealing in cocaine. In exchange, the State agreed to dismiss the remaining two charges and agreed to a sentencing cap of thirty-three (33) years executed at the Department of Correction. As part of the plea agreement, Duarte-Lopez initialed the following term: "The defendant understands that if he is not a legal citizen of the United States, he may be deported as a result of his plea of guilty[.]" (App. 76). Duarte-Lopez also agreed to waive his right to appeal his sentence and initialed a term stating the same.

During Duarte-Lopez's guilty plea hearing, the trial court provided a certified Spanish translator to assist Duarte-Lopez. Duarte-Lopez testified that he had reviewed

2

the plea agreement with his attorney before he signed it and that he did not have any questions about the terms of the agreement. Duarte-Lopez confirmed that he understood the charge and penalty of the offense to which he was pleading guilty. The trial court specifically reviewed the risk of deportation with Duarte-Lopez:

> THE COURT: Do you understand that you could be deported as a result of the conviction entered in this case if you're not a citizen of this country or if you're here illegally?
>
> MR. DUARTE-LOPEZ: Yes.
>
> * * * * *
>
> THE COURT: Mr. Duarte-Lopez, are you here in this country legally?
>
> MR. DUARTE-LOPEZ: No.
>
> THE COURT: And do you understand that may subject you to deportation proceedings?
>
> MR. DUARTE-LOPEZ: Yes.

(Exhibit Volume, Plea Hearing at 11-12). Duarte-Lopez also testified that his plea was voluntary and not coerced and that he was satisfied with his trial counsel's representation. The trial court then accepted Duarte-Lopez's plea to class A felony dealing in cocaine.

At Duarte-Lopez's sentencing hearing, the trial court again provided the same certified interpreter to assist Duarte-Lopez. The trial court imposed a thirty-two (32) year executed sentence in the Department of Correction and stated that it would not suspend any portion of Duarte-Lopez's sentence because "the defendant will be deported at the conclusion of serving his sentence." (Exhibit Volume, Sentencing Hearing at 11).

3

In April 2010, Duarte-Lopez, pro se, filed a petition for post-conviction relief, and the trial court appointed the State Public Defender to represent him. After the Public Defender withdrew its appearance under Post-Conviction Rule 1(9)(c), Duarte-Lopez moved to withdraw his post-conviction petition without prejudice in January 2011. The trial court granted Duarte-Lopez's motion over the State's objection.

In April 2011, Duarte-Lopez, pro se, filed another petition for post-conviction relief. The trial court again appointed the State Public Defender, who later withdrew its appearance under Post-Conviction Rule 1(9)(c). Thereafter, in August 2011, Duarte-Lopez filed a motion to withdraw his post-conviction petition without prejudice, which the trial court denied.

In October 2011, Duarte-Lopez amended his post-conviction petition. In his amended petition, Duarte-Lopez alleged that his trial counsel was ineffective because counsel failed to properly advise him in regard to his plea and failed to ensure that he understood the plea. Specifically, Duarte-Lopez alleged that trial counsel told him that that he would receive a sentence of 150 years if he went to trial and that the State would suspend twelve years from his sentence if he pled guilty. Duarte-Lopez also alleged that trial counsel was ineffective because he failed to inform him that he had a right to contact the Mexican Consulate and that he could be deported. Duarte-Lopez did not allege that he would not have pled guilty if counsel would have advised him otherwise. Thereafter, Duarte-Lopez filed a request for the issuance of a subpoena to his trial counsel, Juan Garcia, Jr. ("Attorney Garcia"), and the trial court granted the request.

The post-conviction court held a post-conviction hearing on March 8, 2012. Attorney Garcia was present at the hearing, but Duarte-Lopez did not call him as a witness. Duarte-Lopez did not testify, call any witnesses, or present any evidence. Instead, he stated that he was appealing his sentence because it was "unfair" and that he had received ineffective assistance of trial counsel because he "did not have the opportunity to talk to the Mexican Consulate at the time." (Tr. 7). The parties agreed that the trial court would rule on Duarte-Lopez's petition based on its consideration of the record from his case.

On May 4, 2012, the post-conviction court issued an order denying post-conviction relief to Duarte-Lopez. Duarte-Lopez now appeals.

### DECISION

Duarte-Lopez appeals from the post-conviction court's order denying post-conviction relief on his claims of ineffective assistance of counsel. Our standard of review in post-conviction proceedings is well settled.

> We observe that post-conviction proceedings do not grant a petitioner a "super-appeal" but are limited to those issues available under the Indiana Post-Conviction Rules. Post-conviction proceedings are civil in nature, and petitioners bear the burden of proving their grounds for relief by a preponderance of the evidence. Ind. Post–Conviction Rule 1(5). A petitioner who appeals the denial of PCR faces a rigorous standard of review, as the reviewing court may consider only the evidence and the reasonable inferences supporting the judgment of the post-conviction court. The appellate court must accept the post-conviction court's findings of fact and may reverse only if the findings are clearly erroneous. If a PCR petitioner was denied relief, he or she must show that the evidence as a whole leads unerringly and unmistakably to an opposite conclusion than that reached by the post-conviction court.

5

*Shepherd v. State*, 924 N.E.2d 1274, 1280 (Ind. Ct. App. 2010) (internal citations omitted), *trans. denied.*

A claim of ineffective assistance of trial counsel requires a showing that: (1) counsel's performance was deficient by falling below an objective standard of reasonableness based on prevailing professional norms; and (2) counsel's performance prejudiced the defendant such that "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Davidson v. State*, 763 N.E.2d 441, 444 (Ind. 2002) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)), *reh'g denied*, *cert. denied*. "Failure to satisfy either of the two prongs will cause the claim to fail." *Gulzar v. State*, 971 N.E.2d 1258, 1261 (Ind. Ct. App. 2012) (citing *French v. State*, 778 N.E.2d 816, 824 (Ind. 2002)). Most ineffective assistance of counsel claims can be resolved by a prejudice inquiry alone. *French*, 778 N.E.2d at 824.

Duarte-Lopez argues that he received ineffective assistance of counsel because his trial counsel failed to properly advise him in regard to his plea. Specifically, he asserts that his trial counsel was ineffective because counsel: (1) informed him that he would receive a sentence of 150 years if he went to trial; (2) informed him that the State would suspend twelve years from his sentence if he pled guilty; (3) failed to inform him that he had a right to contact the Mexican Consulate; and (4) failed to inform him that he could be deported.

Because Duarte-Lopez's claims for post-conviction relief are based on his contention that he received ineffective assistance of counsel as part of his guilty plea, we

6

examine his claims under *Segura v. State*, 749 N.E.2d 496 (Ind. 2001). *Segura* categorizes two main types of ineffective assistance of counsel cases, (1) claims of "an unutilized defense or failure to mitigate a penalty" and (2) claims of "an improper advisement of penal consequences," the second which is applicable here. *Willoughby v. State*, 792 N.E.2d 560, 563 (Ind. Ct. App. 2003) (citing *Segura*, 749 N.E.2d at 507), *trans. denied*. The second category is divided into two subcategories: (1) "claims of promised leniency;" and (2) "claims of incorrect advice as to the law." *Segura*, 749 N.E.2d at 504.

Duarte-Lopez's claims of ineffective assistance of counsel fall under the second subcategory of the improper advisement of penal consequences. In regard to post-conviction claims under this subcategory, the *Segura* Court explained that

> in order to state a claim for postconviction relief a petitioner may not simply allege that a plea would not have been entered. Nor is the petitioner's conclusory testimony to that effect sufficient to prove prejudice. To state a claim of prejudice from counsel's omission or misdescription of penal consequences that attaches to both a plea and a conviction at trial, the petitioner must allege . . . "special circumstances," or, as others have put it, "objective facts" supporting the conclusion that the decision to plead was driven by the erroneous advice.

> We believe a showing of prejudice from incorrect advice as to the penal consequences is to be judged by an objective standard, i.e., there must be a showing of facts that support a reasonable probability that the hypothetical reasonable defendant would have elected to go to trial if properly advised. Nevertheless, as we understand *Strickland* and *Hill* as informed by *Williams*, a petitioner may be entitled to relief if there is an objectively credible factual and legal basis from which it may be concluded that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59, 106 S.Ct. 366.

7

. . . [F]or claims relating to penal consequences, a petitioner must establish, by objective facts, circumstances that support the conclusion that counsel's errors in advice as to penal consequences were material to the decision to plead. Merely alleging that the petitioner would not have pleaded is insufficient. Rather, specific facts, in addition to the petitioner's conclusory allegation, must establish an objective reasonable probability that competent representation would have caused the petitioner not to enter a plea.

*Segura*, 749 N.E.2d at 507 (footnotes omitted).

In *Segura*, our Indiana Supreme Court held that Segura had failed to meet the required standard to show prejudice in his ineffective assistance of counsel claim based on improper advisement of penal consequences because Segura "offer[ed] nothing more than the naked allegation that his decision to plead would have been affected by counsel's advice." *Id.* at 508.

Here, Duarte-Lopez offers even less than that. At no point during this post-conviction proceeding—not in his post-conviction petition, during the post-conviction hearing, or in his appellate brief—did Duarte-Lopez even make a "naked allegation" that he would not have pled guilty had trial counsel properly advised him. Indeed, during the post-conviction hearing, Duarte-Lopez presented absolutely no evidence or testimony to support his claims of ineffective assistance of counsel. While the post-conviction court took judicial notice of the record of Duarte-Lopez's case below, this offered no support for Duarte-Lopez's claims. To be sure, in regard to Duarte-Lopez's claim that he was not informed of the risk of deportation, the record clearly establishes that Duarte-Lopez was made aware of the risk of deportation in his plea agreement, which he initialed, and during his guilty plea hearing and sentencing hearing. Additionally, although Duarte-

Lopez's trial counsel was present at the post-conviction hearing, Duarte-Lopez did not call counsel as a witness. Therefore, we, as the trial court did, may infer that trial counsel would not have corroborated Duarte-Lopez's ineffective counsel allegations. *See Oberst v. State*, 935 N.E.2d 1250, 1254 (Ind. Ct. App. 2010), *trans. denied*.

Aside from Duarte-Lopez's complete lack of evidence to support his alleged claims of being improperly advised regarding sentencing consequences, right to contact the Mexican Consulate, and risk of deportation, he also failed to meet his burden of demonstrating prejudice—as set forth in *Segura*—as a result of counsel's alleged incorrect advice. *See, e.g.*, *Gulzar*, 971 N.E.2d at 1262 (holding petitioner had failed to demonstrate prejudice as a result of counsel's failure to advise that guilty plea would result in deportation); *Trujillo*, 962 N.E.2d at 116 (affirming denial of post-conviction relief where petitioner failed to demonstrate prejudice as a result of counsel's failure to advise regarding adverse immigration consequences of pleading guilty); *see also Evans v. State*, 809 N.E.2d 338, 343-44 (Ind. Ct. App. 2004) (holding that the post-conviction did not err by denying petition for post-conviction relief where petitioner failed to present any evidence in support of his claims), *trans. denied*. Because Duarte-Lopez failed to establish his claim of ineffective assistance of trial counsel, we affirm the post-conviction court's denial of his petition for post-conviction relief.

Affirmed.[1]

ROBB, C.J., and MAY, J., concur.

---

[1] We note that the post-conviction court and the State both cited to *Olvera v. State*, 899 N.E.2d 708 (Ind. Ct. App. 2009) to support the assertion that our Court has held that a defendant who raises a post-conviction claim alleging that trial counsel was ineffective for failing to inform the defendant of his right to contact his consulate must show that (1) the defendant did not know of his right to contact the consulate; (2) the defendant would have availed himself of the right had he known; and (3) there was a likelihood that the consulate would have assisted him. *See* App. 51-52; State's Br. at 10. While *Olvera* contains this three-part test, it is contained as a quote from the post-conviction court's conclusions of law, not part of our Court's holding. In *Olvera*, the defendant did not challenge the post-conviction court's determination of his claim that his trial counsel was ineffective for failing to inform him of his right to contact the Mexican consulate. Further, while our Court has cited to this three-part test in *Zavala v. State*, 739 N.E.2d 135 (Ind. Ct. App. 2000), we did so in the context of a direct appeal claim of fundamental error, not in reviewing the defendant's ineffective assistance of counsel claim.