## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 04 2016, 6:52 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Terry Southwood
Michigan City, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Terry Southwood,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent*

May 4, 2016

Court of Appeals Case No.
20A05-1508-PC-1296

Appeal from the Elkhart Superior Court

The Honorable Teresa L. Cataldo, Judge

Trial Court Cause No.
20D03-1501-PC-3

**Baker, Judge.**

[1] Terry Southwood appeals the judgment of the post-conviction court denying his petition for post-conviction relief. Finding no error, we affirm.

## Facts

[2] On November 25, 2008, the State charged Southwood with three counts of class A felony child molesting and two counts of class C felony child molesting. On March 4, 2010, Southwood, with the assistance of counsel, entered into a plea agreement whereby he pleaded guilty to all five counts. In return, the State agreed to cap Southwood's executed sentence at sixty years.

[3] The trial court held a guilty plea hearing, during which it reviewed the terms of the plea agreement with Southwood. Southwood told the trial court that he had reviewed the plea agreement with his attorney, that he had signed the plea agreement, and that he understood the terms of the plea agreement. The trial court advised Southwood of his rights and Southwood confirmed that he understood that he was giving up those rights. Southwood told the trial court that he had never been treated for mental illness nor was he suffering from any mental illness at the time. The trial court explained the charges and the possible sentences and Southwood assured the trial court that he understood both. Southwood stated that he was satisfied with his attorney and that he was pleading guilty voluntarily. After obtaining a factual basis for Southwood's plea, the trial court accepted the plea and, on March 25, 2010, sentenced him to a total of sixty years executed on all five counts.

[4] On January 27, 2015, Southwood filed a pro se petition for post-conviction relief in which he claimed that his counsel had been ineffective. The post-conviction court held a hearing on June 11, 2015, at which Southwood appeared via video from the Indiana State Prison. Southwood testified that his attorney had failed to advise him of his rights and that he did not understand his rights. He further testified that he did not understand the terms of the plea agreement and that his attorney did not review the plea agreement with him. Southwood claimed that he had merely said what his attorney had told him to say and that he had lied about the factual basis for his plea.

[5] On August 17, 2015, the post-conviction court denied Southwood's petition. In its order, the court concluded:

> [T]hat [Southwood] now contends that he lied during his guilty plea hearing does not negate the guilty plea. This simply places the Court in the precarious position to determine whether [Southwood] lied during his guilty plea proceedings or whether he is now lying in his post conviction proceeding . . . . [Southwood's] statements during his guilty plea hearing were spoken without hesitation and appeared forthright and candid. There was no reason for the Court to doubt at that time that [Southwood] was unsure when he answered the Court's questions or spoke. However, in this post conviction proceeding, [Southwood's] bald statement that he lied at his guilty plea hearing is somewhat self-serving and incredible and appears to the Court to be an attempt to manipulate the system. In its discretion, the Court is free to discredit [Southwood's] recantation of his plea.

Appellant's App. p. 16. Southwood now appeals.

# Discussion and Decision

[6] Southwood makes three arguments on appeal. He argues that the trial court erred in determining that he was competent to plead guilty, that he did not enter into the plea voluntarily, and that his counsel was ineffective. As the only argument Southwood raised in his petition for post-conviction relief was that his counsel had been ineffective, *id.* at 20, we find that he has waived his first two arguments. *Allen v. State*, 749 N.E.2d 1158, 1172 (Ind. 2001) ("[i]ssues not raised in the petition for post-conviction relief may not be raised for the first time on post-conviction appeal").[1]

[7] The only issue that Southwood has properly preserved for appeal is the claim that his trial counsel was ineffective. To prevail on a claim of ineffective assistance of counsel, Southwood must demonstrate that his counsel rendered objectively deficient performance that resulted in prejudice. *Allen*, 749 N.E.2d at 1166 (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). Southwood maintains that his counsel provided ineffective assistance because all of Southwood's statements during the guilty plea hearing were "given under the direction of counsel" and that, had he understood the charges against him, "he would have opted for a trial in lieu of a plea agreement." Appellant's Br. p. 5.

---

[1] Waiver notwithstanding, Southwood attempts to support these arguments simply by pointing to his testimony that he did not understand the plea agreement before entering into it. However, the post-conviction court did not find this testimony credible. Southwood does not argue that he now suffers from, or has ever suffered from, mental illness.

[8] Assuming for the sake of argument that this would constitute ineffective assistance, we leave it to the post-conviction court to determine whether Southwood's assertions are credible. *Dickens v. State*, 997 N.E.2d 56, 60 (Ind. Ct. App. 2013) ("[t]he post-conviction court is the sole judge of the weight of the evidence and the credibility of the witnesses"). Accordingly, we must accept the post-conviction court's findings of fact as true unless they are clearly erroneous. *Id.*

[9] Southwood's trial counsel was not called to testify at the hearing, so the only evidence before the post-conviction court was Southwood's testimony. In such a situation, the post-conviction court could properly infer that Southwood's trial counsel would not have corroborated Southwood's testimony. *Oberst v. State*, 935 N.E.2d 1250, 1254 (Ind. Ct. App. 2010). Simply put, the post-conviction court was within its discretion to disbelieve Southwood's recantation, and Southwood has given us no reason to believe that its conclusion was erroneous.

[10] The judgment of the post-conviction court is affirmed.

May, J., and Brown, J., concur.