## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 09 2020, 8:43 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Leroy Butler
Pendleton, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Jesse R. Drum
Supervising Deputy Attorney General
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

Leroy Butler,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent.*

December 9, 2020

Court of Appeals Case No.
20A-PC-658

Appeal from the Shelby Superior Court

The Honorable David Neal Riggins, Judge

Trial Court Cause No.
73D02-1904-PC-5

**Altice, Judge.**

# Case Summary

Leroy Butler appeals the denial of his pro se petition for post-conviction relief, raising the following two restated issues:

> 1. Did the post-conviction court err when it denied Butler's Ind. Trial Rule 56 motion for summary judgment?
>
> 2. Did the post-conviction court err when it determined that Butler's trial counsel was not ineffective for not filing a motion to suppress?

We affirm.

# Facts & Procedural History

On August 17, 2015, Shelbyville Police Department dispatch received an anonymous call reporting that someone was believed to be possessing or dealing narcotics from a green car. The caller provided the location of the residence where the car was last seen and its license plate number. Officer James Jones drove to the location, and the described vehicle was in the driveway. He parked in a nearby location, while another officer watched the car and told Officer Jones when it was leaving the residence. Officer Jones followed the subject car, observed it fail to make a complete stop at a stop sign, and initiated a traffic stop. Officer Jones asked the driver for identification, and Butler identified himself. There was an active warrant for Butler's arrest, and Officer Jones arrested Butler. As the registered owner of the vehicle was not present, the vehicle was towed. During a search of the vehicle, officers found methamphetamine and a glass pipe in the passenger compartment and, in the

trunk, officers found methamphetamine, marijuana, and a digital scale. The State charged Butler with dealing in methamphetamine, possession of methamphetamine, and maintaining a common nuisance.

[4] At the August 2016 jury trial, Officer Jones testified to following the car and observing it fail to make a complete stop at a stop sign before it turned. He described, "The way I do it is I watch their rims. If their rims do not come to a full resting position . . . that is considered not coming to a complete stop[,]" and "the vehicle did that" at the stop sign as it was turning south. *Exhibits Vol.* at 10. On cross-examination, counsel questioned Officer Jones in more detail concerning his exact location when he saw Butler's vehicle at the stop sign, and Officer Jones pointed to his location on a map and said, "So I had a view through here of the vehicle's tires." *Id.* at 57.

[5] The jury found Butler guilty of all three charges. At the sentencing hearing, Butler stated that he had a substance-abuse problem, including drinking alcohol. The trial court merged the possession and dealing charges and convicted Butler of dealing in methamphetamine and maintaining a common nuisance, sentencing him to a total of twenty years, with eighteen years to be served in the Indiana Department of Correction and two years suspended to probation. On direct appeal, Butler asserted that a probation condition prohibiting him from entering any establishment that sells alcohol was overbroad. We agreed, revised the condition, and remanded for further proceedings. *Butler v. State*, No. 73A01-1609-CR-2238 (Ind. Ct. App. April 7, 2017).

[6]     On April 9, 2019, Butler, pro se, filed a petition for post-conviction relief asserting that his trial counsel was ineffective for (1) failing to file a motion to suppress the evidence seized during what Butler claims was an illegal, pre-textual traffic stop, and (2) for failing to object during trial to certain testimony of Officer Jones that Butler claimed violated a motion in limine. Butler also alleged that his appellate counsel was ineffective for failing to raise certain issues on appeal, including ineffective assistance of trial counsel.

[7]     Butler filed a number of discovery requests and motions during the pendency of his post-conviction petition, including a motion for declaratory judgment, a request for judicial notice to supplement/preserve evidence, motions to compel, a second motion for declaratory judgment, and motion for change of venue from the judge, in which Butler asserted that the judge was "extremely biased" against him, did not hold the State in contempt for alleged failures to comply with discovery, and "squandered in unsavory, dilatory, impeding actions against [his] rights to discovery per trial rules." *Appellant's Appendix* at 30. The request for change of judge was granted, and Special Judge David N. Riggins was appointed and assumed jurisdiction on November 12, 2019.

[8]     On December 12, 2019, Butler filed a motion for summary judgment, asserting that he was entitled to judgment as a matter of law on the ineffective assistance of trial counsel and appellate counsel claims that he raised in his petition for post-conviction relief. He asserted that the material facts not in dispute included "the arresting officer's false probable cause affidavit [] which the officer illegally utilized to perform a pretextual traffic stop upon Butler." *Id.* at

37.  He designated evidence, including his own two affidavits, the State's interrogatory responses, and a "Motion for Judicial Estoppel" that he had filed. *Id.* at 44.

[9] On February 21, 2020, the court held a post-conviction hearing, at which Butler presented the following evidence:  (1) portions of the trial transcript, namely Officer Jones's testimony and the prosecutor's rebuttal argument; (2), Officer Jones's dash-cam video[1]; and (3) testimony of his trial counsel, Adam James.[2] The dash-cam video was played on the 72-inch screen in the courtroom.  After watching the video, the post-conviction court stated, "It's so blurry its hard for me to see anything[,]" and it determined that the video was "inconclusive" as to whether Butler stopped.  *Transcript* at 11.  The court read the offered and admitted trial testimony of Officer Jones, who testified that he watched the wheels or rims of Butler's vehicle roll and not come to a complete stop.

[10] James testified that, prior to trial, he deposed Officer Jones and watched the dash-cam video.  James acknowledged that Butler asked him to file a motion to suppress but that, based on Officer Jones's deposition testimony and the video, he thought a motion to suppress would not be successful, and he "didn't want to file what [he] thought would be [a] frivolous motion to suppress."  *Id.* at 26.

---

[1] Butler did not have the video but the prosecutor had a copy at the hearing, agreed for it to be played, and did not object to its admission.

[2] Butler had not subpoenaed James for the hearing, but rather than continue the hearing, and with the agreement of the State, the court contacted James, who now was employed as a county prosecutor, and asked him to come to the courtroom to testify.  The State did not object to that course of action.

[11]     After receiving testimony and hearing argument, the post-conviction court addressed Butler's motion for summary judgment. The court explained, "Summary judgment is not necessarily an appropriate motion for post-conviction relief[,]" and, further, "[s]ummary judgment is like a shortcut so you don't have to have a hearing. . . . We're having the hearing. So, I'm gonna deny your motion for summary judgement because it's not necessary." *Id.* at 32. The court took Butler's petition for post-conviction relief under advisement and issued an order later that day denying relief.

[12]     It found that James's decision to not file a motion to suppress was reasonable, stating, in pertinent part:

> A view of the [] video is inconclusive due to the distance and blurriness of the video. Had the Motion to Suppress been filed in this court, this court would have denied it. The discrepancy between Butler and Jones [sic] version of events is not appropriate as a matter of law for suppression but instead was a matter of credibility for the jury to consider.
>
> Moreover, Butler was wanted on a warrant at the time of the stop. . . . This court does not believe the law allows suppression of identity, even if the stop was unlawful. Therefore, once Butler's identity was established, the warrant was properly executed and items discovered would have been subject to lawful search incident to arrest and/or inventory.

*Appellant's Appendix* at 13. The post-conviction court determined that James did not provide ineffective assistance by not filing a motion to suppress. With regard to Butler's claim that his trial counsel was ineffective for failure to object to a claimed violation of a motion in limine, the court found that Butler failed

to present any evidence on the issue and failed to make a cogent argument, and, accordingly, "fails in his burden." *Id.*

[13] Similarly, concerning Butler's post-conviction claim that his appellate counsel was ineffective, the court found that "again, [Butler] presented no evidence or argument in support[,]" but noted that Butler's testimony at the hearing "hinted that after speaking with his appellate counsel he understood why she didn't raise the issue of ineffective assistance of [trial] counsel, instead leaving it to be raised in a PCR petition." *Id.* The post-conviction court determined that Butler "has failed to meet his burden on this claim too." *Id.* The court denied the petition for post-conviction relief,[3] and Butler now appeals.

## Discussion & Decision

[14] In order to prevail on a petition for post-conviction relief, a petitioner must establish his claims by a preponderance of the evidence. Ind. Post-Conviction Rule 1(5); *Helton v. State*, 907 N.E.2d 1020, 1023 (Ind. 2009). The post-conviction court is the sole judge of the weight of the evidence and the credibility of the witnesses. *Fisher v. State*, 810 N.E.2d 674, 679 (Ind. 2004).

[15] When appealing from the denial of a petition for post-conviction relief, a petitioner must convince this court that the evidence, taken as a whole, "leads

---

[3] In its order, the court recognized the "passionate plea" that Butler had made about his situation in prison and his efforts at reform, and it congratulated Butler on his progress, suggesting that "such progress is best noted and appreciated in a Petition to Modify Sentence" and "it really has no place for consideration in a Petition for Post-Conviction relief." *Appellant's Appendix* at 13.

unerringly and unmistakably to a decision opposite that reached by the post-conviction court." *Stevens v. State*, 770 N.E.2d 739, 745 (Ind. 2002). "It is only where the evidence is without conflict and leads to but one conclusion, and the post-conviction court has reached the opposite conclusion, that its decision will be disturbed as contrary to law." *Godby v. State*, 809 N.E.2d 480, 482 (Ind. Ct. App. 2004), *trans. denied*.

## I. Motion for Summary Judgment

Butler challenges the post-conviction court's denial of his T.R. 56 motion for summary judgment, arguing that the State "failed to present any evidence to rebut Butler's designated evidence establishing that he did not run a stop sign[.]" *Appellant's Brief* at 22 (internal quotation marks omitted).

Although post-conviction proceedings are civil, *see* Ind. Post-Conviction Rule 1(1)(5), the Indiana Supreme Court "established the special procedures set out in the Indiana Post-Conviction Rules to facilitate review of criminal convictions and sentences[,]" and the remedy provided under P-C.R. 1 "takes the place of all other common law, statutory, or other remedies heretofore available for challenging the validity of the conviction or sentence and shall be used exclusively in place of them." P-C.R. 1(1)(b)*; Van Meter v. State*, 650 N.E.2d 1138, 1138 (Ind. 1995). Our Indiana Supreme Court has explained that Indiana's Trial Rules "generally only govern procedure and practice in civil cases" and that the Court has considered their applicability in post-conviction

proceedings where the Post-Conviction Rules "are silent." *Corcoran v. State*, 845 N.E.2d 1019, 1021 (Ind. 2006).

[18]    The post-conviction rules expressly provide for summary disposition. P-C.R. 1(1)(4)(g) states:

> The court may grant a motion by either party for summary disposition of the petition when it appears from the pleadings, depositions, answers to interrogatories, admissions, stipulations of fact, and any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.

The State argues that "[b]ecause the Post-Conviction Rules are not silent about summary disposition, and in fact conflict with Trial Rule 56(C), Trial Rule 56(C) does not apply in post-conviction proceedings," and, therefore, the post-conviction court properly denied Butler's summary judgment motion. *Appellant's Brief* at 15.

[19]    Regardless of whether Butler was allowed to file for summary disposition under T.R. 56, his claim fails. That is, under either rule – P-C.R. 1(1)(4)(g) or T.R. 56 – Butler has failed to show that that there was no genuine issue of material fact and that he was entitled to judgment as a matter of law. The main fact that he represented in his motion as being undisputed – that he *did* stop at the stop sign – was expressly disputed in the probable cause affidavit and by Officer Jones in his deposition, where he stated that he observed Butler fail to completely stop. The State's responses to interrogatories, which Butler designated in support of

his motion, were consistent with that position. Accordingly, summary disposition was not warranted. *See State v. Gonzalez-Vazquez*, 984 N.E.2d 704, 709 (Ind. Ct. App. 2013) (observing that, where post-conviction petitioner sought summary judgment on his ineffectiveness claim, "it would be an extremely rare occasion upon which a petitioner would be able to show an absence of an issue of material fact and further show his entitlement to judgment as a matter of law without a hearing and the presentation of evidence"), *trans. denied*. The post-conviction court did not err when it denied Butler's motion for summary judgment.

## II. Ineffective Assistance of Trial Counsel

[20] Butler's primary argument on appeal is that the traffic stop was pretextual and illegal and that his counsel was ineffective for not filing a motion to suppress the seized evidence.[4] Ineffective assistance of counsel claims are governed by the two part test established by *Strickland v. Washington*, 466 U.S. 668 (1984).

> According to this test, [Butler] must first establish that his trial counsel's performance was deficient. To demonstrate deficient performance, [Butler] must show that his trial counsel's representation fell below an objective standard of reasonableness and that the errors were so serious that they resulted in a denial of [Butler's] Sixth Amendment right to counsel. Second, [Butler] must demonstrate that the deficient performance prejudiced his

---

[4] Although Butler raised in his petition the argument that trial counsel was also ineffective for failing to object to certain testimony, he did not address that claim at the hearing, and the post-conviction court found that he waived it. Butler does not challenge that determination on appeal, and any claim regarding a failure to object is waived.

defense. In order to establish prejudice, [Butler] must show that there is a reasonable probability that, but for his trial counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*Moore v. State*, 872 N.E.2d 617, 620 (Ind. Ct. App. 2007) (quoting *Glotzbach v. State*, 783 N.E.2d 1221, 1224 (Ind. Ct. App. 2003)), *trans. denied*.

[21] Counsel is afforded considerable discretion in choosing strategy and tactics, and a strong presumption arises that counsel rendered adequate assistance. *Oberst v. State*, 935 N.E.2d 1250, 1254 (Ind. Ct. App. 2010), *trans. denied*. We will not lightly speculate as to what may or may not have been an advantageous trial strategy, as counsel should be given deference in choosing a trial strategy that, at the time and under the circumstances, seems best. *Perry v. State*, 904 N.E.2d 302, 308 (Ind. Ct. App. 2009), *trans. denied*. Isolated omissions or errors, poor strategy, or bad tactics do not necessarily render representation ineffective. *McCullough v. State*, 973 N.E.2d 62, 74 (Ind. Ct. App. 2012), *trans. denied*.

[22] Butler contends that his trial counsel was ineffective for not filing a motion to suppress. *Appellant's Brief* at 14. The decision of whether to file a particular motion is generally a matter of trial strategy, and, absent an express showing to the contrary, the failure to file a motion does not indicate ineffective assistance of counsel. *Glotzbach*, 783 N.E.2d at 1224. Specifically, we have held that "'[t]o prevail on an ineffective assistance of counsel claim based upon counsel's failure to file motions on a defendant's behalf, the defendant must demonstrate

that such motions would have been successful.'" *Moore*, 872 N.E.2d at 621 (quoting *Wales v. State*, 768 N.E.2d 513, 523 (Ind. Ct. App. 2002), *on reh'g*, 774 N.E.2d 116*, trans. denied*).

[23] Here, at the post-conviction hearing, James acknowledged that he and Butler had discussed the possibility of filing a motion to suppress, but James explained that, after deposing Officer Jones and watching the video that was blurry and essentially inconclusive, he decided not to file "what [he] thought would be [a] frivolous motion to suppress." *Transcript* at 26. The partial trial transcript admitted at the post-conviction hearing reflected that James posed questions to Officer Jones on cross-examination that inquired where exactly Officer Jones was located at the time that Butler's car arrived at the stop sign and appeared to be calculated to raise doubts on the officer's assertion that he saw the rims of Butler's vehicle not come to a complete stop. The record also suggests that James's closing argument included that Butler stopped at the stop sign and that the officer could not see it.[5] On this record, Butler has failed to carry his burden of showing that James's decision – to not file a motion to suppress – was not a matter of trial strategy. *See Glotzbach*, 783 N.E.2d at 1225 (trial counsel's decision not to file a motion to suppress photo array was matter of trial strategy

---

[5] James's closing argument is not in the record before us, but the prosecutor's rebuttal argument is, having been offered by Butler at the post-conviction hearing and admitted without objection, and such rebuttal argument indicates that the State responded to suppression-type arguments that had been made by Butler's counsel.

and not ineffective assistance where counsel's cross-examination at trial asked questions aiming to raise doubt about the legitimacy of the photo array).

[24] Moreover, the post-conviction court (a special judge who assumed jurisdiction after Butler's motion for change of venue from the judge) stated that "[h]ad the Motion to Suppress been filed in this court, this court would have denied it" because the matter hinged on witness credibility, i.e. Butler's version versus Officer Jones's version. *Appellant's Appendix* at 13. In sum, the record before us does not show that a motion to suppress would have been granted. *See Oberst*, 935 N.E.2d at 1257 (trial counsel was not ineffective for not filing a motion to suppress a confession, where defendant's claim that his confession was involuntary due to intoxication was in conflict with the detective's version, which was that Oberst did not appear to be intoxicated, and counsel was present at the confession and observed defendant and his ability to answer questions).

[25] For these reasons, we conclude that Butler has failed to establish by a preponderance of the evidence that his trial counsel was ineffective for not filing a motion to suppress.[6] We therefore affirm the denial of Butler's petition for post-conviction relief.

---

[6] Butler raised a claim of ineffective assistance of appellate counsel in his petition for post-conviction relief, which the post-conviction court determined had been waived. Butler does not expressly challenge this determination on appeal and only generally offers the claim that "trial and appellate counsel were both ineffective for failing to argue suppression in court or on appeal." *Appellant's Brief* at 21. We find that he has

Judgment affirmed.

Riley, J. and May, J., concur.

---

failed to make a cogent argument or cite to authority and has waived any claim that his appellate counsel was ineffective. Ind. Appellate Rule 46(A)(8).