**Sherman CULVAHOUSE,
Appellant–Petitioner,**

v.

**STATE of Indiana, Appellee–
Respondent.**

No. 49A02–0404–PC–356.

Court of Appeals of Indiana.

Dec. 29, 2004.

Hilary Bowe Ricks, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Richard C. Webster, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAILEY, Judge.

### Case Summary

Appellant–Petitioner Sherman Culvahouse ("Culvahouse") appeals the denial of his petition for post-conviction relief. We affirm.

### Issue

Culvahouse raises two issues, which we consolidate as whether the post-conviction court erred in concluding that Culvahouse did not receive ineffective assistance of trial and appellate counsel.

### Facts and Procedural History

The facts recited by this Court on direct appeal are as follows:

In the early morning hours of September 6, 1998, a vacant house at 223 North Temple Avenue in Indianapolis was heavily damaged by fire. During the same period of time, Brenda Manley–Baker, who lives across the street from 223, was awake, nursing her newborn, when she heard the sound of breaking glass. Manley–Baker looked out her window and saw Culvahouse, whom she had known for several months, reach through the broken window at 223 and then she saw flames coming from the curtains around the window.

In response to a pretrial motion, the trial court held a hearing on the admissibility of prior alleged acts of misconduct. The trial court ruled that, pursuant to the motive exception of Indiana Evidence Rule 404(b), the State could submit evidence that within thirty days prior to the fire at 223 N. Temple Culvahouse had: (1) committed another arson in the same neighborhood; (2) offered to burn down Manley–Baker's garage for insurance proceeds; (3) called in a false report of fire to 911; and (4) told Manley–Baker that he had a desire to be a fireman, but was unable to become one. The trial court excluded other evidence of similar conduct which occurred more than thirty days prior to the fire.

The trial court admitted the 404(b) evidence over the timely objections of Culvahouse during the jury trial. The jury ultimately found Culvahouse guilty of arson, and the trial court sentenced him to twenty years in the Department of Correction.

*Culvahouse v. State,* No. 49A05–0004–CR–144, slip op. at 2–3, 2000 WL 1935444 (Ind.Ct.App.2000).

On July 16, 2003, Culvahouse filed his petition for post-conviction relief, which he amended on September 10, 2003. The post-conviction court held an evidentiary hearing on November 13, 2003. On March 8, 2004, the post-conviction court entered findings of fact and conclusions of law denying Culvahouse's petition. This appeal ensued.

## Discussion and Decision

### I. Standard of Review

Post-conviction procedures do not afford defendants the opportunity for a "super-appeal." *Benefiel v. State*, 716 N.E.2d 906, 911 (Ind.1999), *cert. denied*, 504 U.S. 987, 112 S.Ct. 2971, 119 L.Ed.2d 591 (1992). Rather, they are "special, quasi-civil remedies whereby a party can present an error which, for various reasons, was not available or known at the time of the original trial or appeal." *Berry v. State*, 483 N.E.2d 1369, 1373 (Ind.1985). The petitioner bears the burden of establishing the grounds for post-conviction relief by a preponderance of the evidence. *Weatherford v. State*, 619 N.E.2d 915, 917 (Ind.1993), *reh'g denied*. As such, a petitioner who has been denied post-conviction relief faces a rigorous standard of review. *Benefiel*, 716 N.E.2d at 912. To prevail on appeal, the petitioner must demonstrate that the evidence as a whole "leads unerringly and unmistakably to a decision opposite that reached by the trial court." *Prowell v. State*, 741 N.E.2d 704, 708 (Ind. 2001), *cert. denied*, 525 U.S. 841, 119 S.Ct. 104, 142 L.Ed.2d 83 (1998). Stated differently, we will disturb a post-conviction court's decision only where the evidence is uncontradicted and leads to but one conclusion, and the post-conviction court has reached the opposite conclusion. *Miller v. State*, 702 N.E.2d 1053, 1058 (Ind.1998), *reh'g denied*, *cert. denied*, 528 U.S. 1083, 120 S.Ct. 806, 145 L.Ed.2d 679 (2000).

Upon reviewing a petition for post-conviction relief, we may consider only the evidence and the reasonable inferences supporting the judgment of the post-conviction court, i.e., the sole judge of the evidence and the credibility of the witnesses. *Blunt–Keene v. State*, 708 N.E.2d 17, 19 (Ind.Ct.App.1999). Moreover, our supreme court has emphasized that "[i]n post-conviction proceedings, complaints that something went awry at trial are generally cognizable only when they show deprivation of the right to effective counsel or issues demonstrably unavailable at the time of trial or direct appeal." *Sanders v. State*, 765 N.E.2d 591, 592 (Ind.2002).

### II. Analysis

The sole issue raised on appeal is whether Culvahouse received effective assistance of trial and appellate counsel. Effectiveness of counsel is a mixed question of law and fact. *Strickland v. Washington*, 466 U.S. 668, 698, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We evaluate Sixth Amendment claims of ineffective assistance under the two-part test announced in *Strickland*. *Id.*; *see also Williams v. Taylor*, 529 U.S. 362, 390, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). To prevail on an ineffective assistance of counsel claim, a defendant must establish both deficient performance and resulting prejudice. *Wesley v. State*, 788 N.E.2d 1247, 1252 (Ind.2003) (citing *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052), *reh'g denied*. To demonstrate deficient performance, a defendant must show that his or her trial counsel's representation fell below an objective standard of reasonableness and that the errors were so serious that they resulted in a denial of the defendant's Sixth Amendment right to counsel. *Wesley*, 788 N.E.2d at 1247 (recognizing that deficient performance requires, in part, a showing that "counsel made errors so serious that counsel was not functioning as 'counsel' guaranteed to the defendant by the Sixth Amendment") (citing *Strickland*, 466 U.S. at 687–88, 104 S.Ct. 2052). Prejudice exists when a claimant demonstrates that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the out-

come."[1] *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052; *see also Stevens v. State,* 770 N.E.2d 739, 746 (Ind.2002), *reh'g denied, cert. denied,* 540 U.S. 830, 124 S.Ct. 69, 157 L.Ed.2d 56 (2003).

The two prongs of the *Strickland* test are separate and independent inquiries. *Strickland,* 466 U.S. at 697, 104 S.Ct. 2052. Thus, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice ... that course should be followed." *Id.* Further, under the *Strickland* test, counsel's performance is presumed effective. *Id.; see also Williams v. State,* 771 N.E.2d 70, 73 (Ind. 2002). A petitioner must present convincing evidence to overcome the strong presumption that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Strickland,* 466 U.S. at 690, 104 S.Ct. 2052.

In the present case, Culvahouse argues that his trial and appellate counsel were ineffective. We separately address each of these arguments.

### A. Ineffective Assistance of Trial Counsel

Culvahouse argues that trial counsel was ineffective when counsel: (1) filed a motion to continue the trial date after Culvahouse had, pro-se, asked for a speedy trial under Indiana Criminal Rule 4(B); and (2) failed

to present an alibi defense. We address each issue in turn.

#### 1. Speedy Trial

■ Culvahouse argues that trial counsel was ineffective when counsel moved for a continuance after Culvahouse had filed a pro-se motion for a speedy trial. Culvahouse cites to *Broome v. State,* 694 N.E.2d 280 (Ind.1998), for the contention that counsel can be ineffective for failing to file a motion for a speedy trial.

In *Broome,* our supreme court held that it was improper to classify a decision not to move for a speedy trial as relating solely to the "means of representation," and not as an "objective of representation." *Broome,* 694 N.E.2d at 281. Nevertheless, the Court found that Broome's counsel was not ineffective, finding that the decision not to move for a speedy trial was a reasonable tactical decision to allow the defense time for trial preparation. *Id.*

Counsel is afforded considerable discretion in choosing strategy and tactics. *Martin v. State,* 760 N.E.2d 597, 600 (Ind. 2002). When evaluating such claims, we strongly presume that counsel's assistance was adequate and that all significant decisions were made in the exercise of reasonable professional judgment. *Id.* Moreover, in general, deliberate choices made by attorneys for tactical or strategic reasons do not establish ineffective assistance of counsel, even where such choices are subject to

---

**1.** We observe that, in *rare* instances, to establish the prejudice prong of a claim of ineffective assistance of counsel, even if the defendant succeeds in showing a reasonable probability that the result of the proceeding would have been different, he or she must also show that his or her conviction was fundamentally unfair or unreliable. *Lockhart v. Fretwell,* 506 U.S. 364, 369, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). One such instance occurs, for example, where "the likelihood of a different outcome attributable to an incorrect interpretation of the law should be regarded as a potential 'windfall' to the defen-

dant rather than the legitimate 'prejudice' contemplated by ... *Strickland."* Another situation wherein the overriding focus on fundamental fairness may affect the second prong of the *Strickland* analysis arises when counsel interferes with a defendant's intended perjury if such perjured testimony might have persuaded the jury to acquit. *See, e.g., Nix v. Whiteside,* 475 U.S. 157, 175–76, 106 S.Ct. 988, 89 L.Ed.2d 123 (1986); *see also Segura v. State,* 749 N.E.2d 496, 500 (Ind. 2001). The case at bar does not implicate such a rare circumstance.

criticism or ultimately proved to be detrimental to the defendant. *See Driver v. State,* 725 N.E.2d 465, 469 (Ind.Ct.App. 2000). This approach is based upon our disinclination to second-guess the propriety of counsel's tactics. *See Davidson v. State,* 763 N.E.2d 441, 446 (Ind.2002), *reh'g denied, cert. denied,* 537 U.S. 1122, 123 S.Ct. 857, 154 L.Ed.2d 803 (2003). Counsel must have latitude in "choosing a strategy which, at the time and under the circumstances, he or she deems best." *Lambert v. State,* 743 N.E.2d 719, 751 (Ind.2001), *reh'g denied, cert. denied,* 534 U.S. 1136, 122 S.Ct. 1082, 151 L.Ed.2d 982 (2002). However, a strategic decision may be deemed ineffective assistance of counsel if it "is so deficient or unreasonable as to fall outside of the objective standard of reasonableness." *Potter v. State,* 684 N.E.2d 1127, 1133 (Ind.1997).

Here, Culvahouse's initial attorney, Dennis Lopes, moved to continue the trial date because otherwise, "I couldn't get the depositions done in terms of, you know, impeaching the witnesses, especially when he was talking about that they were not telling the truth, and they had been giving other inconsistent statements." P–C.R. Tr. at 41. Culvahouse has failed to demonstrate that Lopes' decision was not a reasonable tactical decision, and hence, has failed to establish Lopes' performance was deficient. Accordingly, the post-conviction court did not abuse its discretion in denying relief on this issue.

### 2. Alibi Defense

Culvahouse argues that trial counsel was ineffective by failing to present an alibi defense consisting of testimony from Culvahouse's mother and brother.

▮ In the present case, attorney Kathy Stinton–Glen appeared on behalf of Culvahouse and served as his attorney at trial. According to Stinton–Glen, she investigated Culvahouse's alibi witnesses, and found that the woman who was with Culvahouse's mother on the night of the fire did not corroborate her story. P–C.R. Tr. at 9. Further, the State indicated that it would present a rebuttal witness from the riverboat casino at which Culvahouse's mother indicated that she had visited. *Id.* at 9–10. In light of the expected testimony from Virgil Rainey ("Rainey"), who was with Culvahouse the entire night until the two parted ways next door to the house that was burned after walking home from a bar, and Brenda Manley–Baker, who identified Culvahouse as the individual she saw reach into the house before the fire started, Stinton–Glen determined that the jury would probably not believe Culvahouse's mother's version of events. *Id.* at 10. Stinton–Glen felt that the jury needed to trust her because Culvahouse was also facing a habitual offender enhancement.[2] Culvahouse has not demonstrated that Stinton–Glen's strategic decision was unreasonable.

▮ With respect to Culvahouse's brother, his testimony indicates that he left the bar approximately two hours before the fire started and had not seen Culvahouse after he left. Although Stinton–Glen stated that she could not recall whether she was aware that Culvahouse's brother was an alibi witness, Culvahouse has not demonstrated that he was prejudiced by the absence of his brother's testimony at trial, as Culvahouse's brother could not account for Culvahouse's whereabouts at the time of the fire. According-

---

2. After Culvahouse was convicted of arson, Stinton–Glen made a jury nullification argument to the jury in the enhancement phase, which was ultimately successful, as the jury did not find Culvahouse to be a habitual offender despite having prior unrelated felony convictions.

ly, Culvahouse failed to demonstrate trial counsel was ineffective. *See McCurry v. State*, 718 N.E.2d 1201, 1207 (Ind.Ct.App. 1999) (holding that counsel was not ineffective for not calling witnesses who were unable to verify defendant's whereabouts at the time offenses were committed), *trans. denied.*

### B. Ineffectiveness of Appellate Counsel

 Culvahouse contends that his appellate counsel was ineffective for failing to raise an issue that his twenty-year sentence was manifestly unreasonable.[3] He argues that the maximum sentence should be reserved for only the worst offenses and the worst offenders. However, Timothy Miller, Culvahouse's appellate counsel, did not testify at the post conviction hearing. When counsel is not called as a witness to testify in support of a petitioner's arguments, the post-conviction court may infer that counsel would not have corroborated the petitioner's allegations. *See Dickson v. State*, 533 N.E.2d 586, 589 (Ind. 1989). Given that Culvahouse has the burden of demonstrating ineffectiveness of counsel, Culvahouse failed to meet his burden by presenting no evidence to the post-conviction court concerning his appellate representation.

Regardless, we find that Culvahouse's sentence was not manifestly unreasonable. This review is deferential to the trial court: "[T]he issue is not whether in our judgment the sentence is unreasonable, but whether it is clearly, plainly, and obviously so." *Spears v. State*, 735 N.E.2d 1161, 1168 (Ind.2000), *reh'g denied.* Here, Culvahouse committed arson in an urban area at a time when most residents of the area would not have been awake. Together with Culvahouse's extensive criminal

history, we cannot say that Culvahouse's maximum twenty year sentence was clearly, plainly, and obviously unreasonable in light of the nature of the offense and Culvahouse's character. Accordingly, Culvahouse has not demonstrated prejudice from appellate counsel's decision not to address his sentence on direct appeal.

Affirmed.

SHARPNACK, J., and MAY, J., concur.

---

3. At the time the trial court sentenced Culvahouse, we would have reviewed Culvahouse's claim under Indiana Appellate Rule 17(B), which set forth the manifestly unreasonable standard.