## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 02 2015, 8:41 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

John A. Goodridge
Evansville, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Michael G. Worden
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Keith A. Nemer, <br> *Appellant-Petitioner,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Respondent* | December 2, 2015 <br><br> Court of Appeals Case No. <br> 82A01-1411-CR-478 <br><br> Appeal from the Vanderburgh Circuit Court <br><br> The Honorable David D. Kiely, Judge <br><br> Trial Court Cause No. <br> 82C01-0903-FA-207 |

**Mathias, Judge.**

[1] Keith Nemer ("Nemer") appeals from the Vanderburgh Circuit Court's denial of his petition for post-conviction relief. On appeal, Nemer argues that the post-

conviction court erred when it concluded that Nemer was not denied effective assistance of trial counsel.

[2]     We affirm.

## Facts and Procedural History

[3]     In 2010, Nemer was convicted of two counts of Class A felony dealing in methamphetamine and ordered to serve an aggregate thirty-four-year sentence in the Department of Correction. Nemer appealed his convictions, and facts relevant to the post-conviction proceedings were discussed in his direct appeal:

> Sometime in January 2009, Sergeant Kurt Althoff of the Evansville-Vanderburgh Drug Task Force received information from a confidential source that Nemer was making methamphetamine in his home. During the next two months, Sergeant Althoff and other Task Force officers conducted surveillance of Nemer's residence. On March 2, 2009, Sergeant Matt Schnell of the Vanderburgh County Sherriff's Office was surveilling the home and noticed an unfamiliar car parked in the driveway. Later, two men exited Nemer's house and got into that car. Sergeant Schnell followed the vehicle to a garage where another man briefly approached the window of the car before it drove away. Officer John Townsend stopped the vehicle for a traffic violation and searched the two men in the car, John Autry and Logan Hofferman.
>
> The police found methamphetamine in Autry's boot and arrested him. After being read his *Miranda* rights, Autry told Sergeant Althoff that he purchased approximately one gram of methamphetamine from Nemer earlier that day, and that he had purchased methamphetamine from Nemer on at least two other occasions. Autry told Sergeant Althoff that while he was in

Nemer's home he saw an oval-shaped bag that he thought had more methamphetamine inside it. Hofferman told Sergeant Schnell that he did not know anything about any methamphetamine.

Next, the Drug Task Force and the Vanderburgh County Sheriff's Office executed a search warrant at Nemer's residence. Inside, Nemer was read his *Miranda* rights but chose to cooperate with the police. He told the police that he had methamphetamine and that some of the chemicals used to manufacture methamphetamine were in the basement. When the officers searched the basement, they found scales, coffee filters, over $600 in cash, and twenty grams of methamphetamine.

The State charged Nemer with two counts of class A felony dealing in methamphetamine. Nemer filed a motion to suppress the evidence, claiming that the police did not have probable cause for the search warrant and that the statements he gave to the police were involuntary. The trial court denied his motion. During the trial, the evidence from the search was admitted without any Fourth Amendment objections from Nemer. The jury found Nemer guilty on both counts.

*Nemer v. State*, No. 82A05-1012-CR-800, WL 3795079 (Ind. Ct. App. Aug. 25, 2011).

[4] Nemer appealed his convictions and alleged that the trial court erred by denying his motion to suppress evidence because the State's search warrant was not supported by probable cause and that the statements he gave to the police were involuntary. Our court rejected Nemer's arguments and affirmed his convictions.

[5] On June 25, 2012, Nemer filed a petition for post-conviction relief and alleged that his trial counsel was ineffective. Specifically, Nemer alleged that trial counsel should have objected to the admission of evidence obtained from the search of his home that was previously the subject of a pre-trial motion to suppress.[1]

[6] A hearing was held on Nemer's petition for post-conviction relief on May 1, 2014. Only Nemer and his prior trial counsel, David Lamont ("Lamont") testified at the hearing. On October 13, 2014, the post-conviction court issued findings of fact and conclusions of law denying Nemer's requested relief. Nemer now appeals.

## Discussion and Decision

[7] Post-conviction proceedings are not "super appeals" through which convicted persons can raise issues they failed to raise at trial or on direct appeal. *McCary v. State*, 761 N.E.2d 389, 391 (Ind. 2002). Post-conviction proceedings instead afford petitioners a limited opportunity to raise issues that were unavailable or unknown at trial and on direct appeal. *Davidson v. State*, 763 N.E.2d 441, 443 (Ind. 2002). The post-conviction petitioner bears the burden of establishing grounds for relief by a preponderance of the evidence. *Henley v. State*, 881 N.E.2d 639, 643 (Ind. 2008). Thus, on appeal from denial of post-conviction

---

[1] Nemer also claimed in his petition for post-conviction relief that his trial counsel had been ineffective by failing to conduct a full fact investigation, but withdrew this issue during the post-conviction relief hearing.

relief, the petitioner stands in the position of one appealing from a negative judgment. *Id.* To prevail on appeal from the denial of post-conviction relief, the petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite than that reached by the post-conviction court. *Id.* at 643-44.

[8] Where, as here, the post-conviction court makes findings of fact and conclusions of law in accordance with Indiana Post-Conviction Rule 1(6), we must determine if the court's findings are sufficient to support its judgment. *Graham v. State*, 941 N.E.2d 1091, 1096 (Ind. Ct. App. 2011), *aff'd on reh'g*, 957 N.E.2d 962. Although we do not defer to the post-conviction court's legal conclusions, we review the post-conviction court's factual findings under a clearly erroneous standard. *Id.* Accordingly, we will not reweigh the evidence or judge the credibility of witnesses and we will consider only the probative evidence and reasonable inferences flowing therefrom that support the post-conviction court's decision. *Id.*

[9] Nemer claims that his trial counsel was ineffective because at trial, he failed to renew his objection previously raised in the pre-trial motion to suppress evidence. Nemer also asserts in his brief that the trial court erroneously denied his motion to suppress because evidence of probable cause was not sufficient to issue the search warrant. Not only was this issue not set forth in Nemer's petition for post-conviction relief, but our court determined that the issue was waived in Nemer's direct appeal because trial counsel raised no objection to the admission of evidence at trial. Accordingly, this issue is not available for post-

conviction review because it is barred by the doctrine of *res judicata. See Jervis v. State,* 28 N.E.3d 361, 368 (Ind. Ct. App. 2015), *trans. denied* (citing *Ben-Yisrayl v. State*, 738 N.E.2d 253, 258 (Ind. 2000)).

[10]　Our supreme court has summarized the law regarding claims of ineffective assistance of trial counsel as follows:

> A defendant claiming a violation of the right to effective assistance of counsel must establish two components set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). First, the defendant must show that counsel's performance was deficient. This requires a showing that counsel's representation fell below an objective standard of reasonableness, and that the errors were so serious that they resulted in a denial of the right to counsel guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. To establish prejudice, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is probability sufficient to undermine confidence in the outcome.
>
> Counsel is afforded considerable discretion in choosing strategy and tactics, and we will accord those decisions deference. A strong presumption arises that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. The *Strickland* Court recognized that even the finest, most experienced criminal defense attorneys may not agree on the ideal strategy or the most effective way to represent a client. Isolated mistakes, poor strategy, inexperience, and instances of bad judgment do not necessarily render representation ineffective. The two prongs of the *Strickland* test are separate and independent inquiries. Thus, [i]f it is easier to dispose of an ineffectiveness claim on the

ground of lack of sufficient prejudice. . . that course should be
followed.

*Timberlake v. State*, 753 N.E.2d 591, 603 (Ind. 2001) (citations and
quotations omitted).

[11]   Nemer's prior trial counsel, Lamont, filed a pre-trial motion to suppress
evidence obtained during the search of Nemer's home on the basis that the
State's search warrant was not supported by probable cause, but the trial court
denied this motion. At trial, Nemer's newly hired counsel, Mark Phillips
("Phillips"), did not object to admission of this evidence. At Nemer's post-
conviction hearing, Nemer did not provide testimony or an affidavit from
Phillips regarding his trial strategy. When counsel is not called as a witness to
testify in support of a petitioner's arguments, the post-conviction court may
infer that counsel would not have corroborated the petitioner's allegations.
*Oberst v. State*, 935 N.E.2d 1250, 1254 (Ind. Ct. App. 2010) (citing *Culvahouse v.
State*, 819 N.E.2d 857, 863 (Ind. Ct. App. 2004)).

[12]   Because Nemer did not provide testimony or an affidavit from Phillips, we have
no evidence to evaluate his trial strategy and performance. In its discretion, the
post-conviction court inferred that Phillips would have testified that he
evaluated Nemer's suppression issues and chose not to object to the admission
of evidence for strategic reasons. "[T]rial strategy is not subject to attack
through an ineffective assistance of counsel claim, unless the strategy is so
deficient or unreasonable as to fall outside of the objective standard of
reasonableness." *Autrey v. State*, 700 N.E.2d 1140, 1141 (Ind. 1998). Counsel is

presumed to have rendered adequate assistance, and it is Nemer's burden to establish otherwise. Lamont testified at Nemer's post-conviction hearing that on some occasions not objecting to the admission of evidence at trial would be reasonable. Nemer has not met his burden to overcome that Phillips's trial strategy was unreasonable, and we conclude that Phillips was effective as trial counsel.

[13] Although we could dispose of Nemer's ineffective assistance of trial counsel claim based on reasonable performance, Nemer also claims that he was prejudiced when Phillips did not object to the admission of evidence, which failed to preserve the issue for appellate review. Nemer contends that because the issue was waived, our court applied the fundamental error standard of review instead of the more favorable abuse of discretion standard of review. However, on direct appeal, our court concluded that Nemer waived the fundamental error argument because he only raised the issue for the first time in his reply brief. Our court determined, "[e]ven if we were to consider the [fundamental error] issue, we do not believe that the admission of the evidence was fundamental error." *Nemer v. State*, No. 82A05-1012-CR-800, 952 N.E.2d 888 (Ind. Ct. App. August 25, 2011).

[14] When a petitioner brings an ineffective assistance claim based on trial counsel's failure to make an objection, the petitioner must demonstrate that the trial court would have sustained a proper objection and that failure to object resulted in prejudice. *Glotzbach v. State*, 783 N.E.2d 1221, 1224 (Ind. Ct. App. 2003). To

determine whether an objection to the admissibility of evidence based on the search would have been sustained, we must look to Sergeant Althoff's affidavit.

[15] Nemer argues that Phillips should have objected to the admission of evidence from the search of Nemer's home on the basis that the information provided in the affidavit to obtain the search warrant lacked probable cause. "Probable cause" for issuing a search warrant "is a fluid concept incapable of precise definition and must be decided based on the facts of each case." *Cassady v. State*, 934 N.E.2d 1181, 1188 (Ind. Ct. App. 2010), *trans. denied*. The task of the magistrate issuing the search warrant is simply to make a practical, common-sense decision whether, given all of the circumstances set forth in the affidavit, there is a fair probability that contraband or evidence of a crime will be found in a particular place. *Jackson v. State*, 908 N.E.2d 1140, 1142 (Ind. 2009).

[16] The duty of a reviewing court is to determine whether the magistrate had a "substantial basis" for concluding that probable cause existed. *State v. Spillers*, 847 N.E.2d 949, 953 (Ind. 2006). A "substantial basis" requires that we focus on whether reasonable inferences drawn from the totality of the evidence support the determination of probable cause, giving significant deference to the magistrate's determination. *Id.* In determining whether an affidavit provided probable cause for the issuance of a search warrant, doubtful cases are to be resolved in favor of upholding the warrant. *Perez v. State*, 27 N.E.3d 1144, 1153 (Ind. Ct. App. 2015) (citing *Mehring v. State*, 884 N.E.2d 371, 376-77 (Ind. Ct. App. 2008)).

[17]     The magistrate issued the search warrant based on information in Sergeant Althoff's affidavit, which he received from a confidential informant over the span of two months, indicating that Nemer was manufacturing methamphetamine in his home. On March 2, 2009, officers observed two men exit Nemer's home in an unfamiliar vehicle. Officers stopped the vehicle for a traffic infraction, and one of the men, another confidential informant, John Autry, admitted to purchasing methamphetamine from Nemer that day and on two prior occasions. The officers also found 4.9 grams of methamphetamine in Autry's boot. Based on the totality of the evidence, the magistrate had a substantial basis to determine that probable cause existed to issue the search warrant. Therefore, an objection based on the admissibility of this evidence would not have been sustained, and Nemer has not shown that he was prejudiced.

[18]     For all of these reasons, we conclude that Nemer has not established that his trial counsel was constitutionally ineffective for failing to object to the admission of evidence obtained in the search of his home at trial. Therefore, we affirm the post-conviction court's order denying Nemer's petition for post-conviction relief.

[19]     Affirmed.


Baker, J., and Bailey, J., concur.