## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 24 2017, 9:03 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Alexander E. Budzenski
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Johiney Jesus Acuna-Hinojosa, *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, *Appellee-Plaintiff* | February 24, 2017 <br><br> Court of Appeals Case No. 49A05-1605-CR-1096 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Linda E. Brown, Judge <br><br> The Honorable Steven J. Rubick, Magistrate <br><br> Trial Court Cause No. 49F10-0905-CM-47325 |

**Altice, Judge.**

## Case Summary

[1] Johiney Acuna-Hinojosa appeals from the denial of his petition for post-conviction relief (PCR Petition). He asserts that the post-conviction court erred in rejecting his claim of ineffective assistance of trial counsel.

[2] We affirm.

### Facts & Procedural History

[3] On May 12, 2009, Acuna-Hinojosa was pulled over by Sergeant Allen Driver of the Indianapolis Metropolitan Police Department because the vehicle Acuna-Hinojosa was driving had a fake temporary license tag on the back. As soon as Acuna-Hinojosa stopped, Sergeant Driver noticed that he was moving around in the car and appeared to be reaching toward the passenger side. Acuna-Hinojosa then attempted to exit the vehicle. Sergeant Driver ordered him back inside the car, and Acuna-Hinojosa complied.

[4] After Acuna-Hinojosa complied with orders to show his hands, Sergeant Driver approached the driver's side door and immediately saw that there was a towel draped over the steering column, which he recognized from his experience as a sign that the car was potentially stolen. He also noted that Acuna-Hinojosa seemed "[v]ery nervous, very hyper" and that he was moving around while inside the vehicle. *Exhibit 1* at 16. Sergeant Driver removed Acuna-Hinojosa from the car and immediately placed him in handcuffs at the rear of the vehicle. Upon returning to the driver's door, Sergeant Driver removed the towel and observed that the steering column was broken. He also saw in plain view a black handgun sticking up between the armrests.

[5] Sergeant Driver asked Acuna-Hinojosa for his identification and registration, and Acuna-Hinojosa handed him a Mexican identification card. Because Acuna-Hinojosa spoke minimal English, Sergeant Driver called an interpreter to the scene. Acuna-Hinojosa admitted that he did not have a valid driver's license and Sergeant Driver determined that there was no permit on file for the handgun. Sergeant Driver then placed Acuna-Hinojosa under arrest, and during a search of his person, Sergeant Driver discovered other forms of identification bearing a different name.

[6] The State charged Acuna-Hinojosa with Class A misdemeanor carrying a handgun without a license and Class C misdemeanor driving without a license. After his initial hearing, public defender Tom Lee was appointed to represent Acuna-Hinojosa. Lee represented Acuna-Hinojosa at a pre-trial hearing and was supervising counsel during trial. Angka Morris, a certified legal intern under Lee's supervision represented Acuna-Hinojosa at the September 2, 2009 bench trial. The trial court found Acuna-Hinojosa guilty as charged and subsequently sentenced him to an aggregate term of 365 days, with credit for four days time served and 361 days suspended.

[7] On December 5, 2014, Acuna-Hinojosa filed his PCR Petition. The post-conviction court held a fact-finding hearing on February 12, 2016. The post-conviction court entered its order denying Acuna-Hinojosa's PCR petition on April 22, 2016. This appeal ensued.

## Discussion & Decision

[8]     In a post-conviction proceeding, the petitioner bears the burden of establishing grounds for relief by a preponderance of the evidence. *Bethea v. State*, 983 N.E.2d 1134, 1138 (Ind. 2013). "When appealing the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment." *Id.* (quoting *Fisher v. State*, 810 N.E.2d 674, 679 (Ind. 2004)). In order to prevail, the petitioner must demonstrate that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite the post-conviction court's conclusion. *Id.* Although we do not defer to a post-conviction court's legal conclusions, we will reverse its findings and judgment only upon a showing of clear error, i.e., "that which leaves us with a definite and firm conviction that a mistake has been made." *Id.* (quoting *Ben-Yisrayl v. State*, 729 N.E.2d 102, 106 (Ind. 2000)).

[9]     A petitioner will prevail on a claim of ineffective assistance of counsel only upon a showing that counsel's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced the petitioner. *Bethea*, 983 N.E.2d at 1138. To satisfy the first element, the petitioner must demonstrate deficient performance, which is "representation that fell below an objective standard of reasonableness, committing errors so serious that the defendant did not have the 'counsel' guaranteed by the Sixth Amendment." *Id.* (quoting *McCary v. State*, 761 N.E.2d 389, 392 (Ind. 2002)).

[10]    To satisfy the second element, the petitioner must show prejudice, which is "a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *Id.* at 1139. "A reasonable probability is one that

is sufficient to undermine confidence in the outcome." *Kubsch v. State*, 934 N.E.2d 1138, 1147 (Ind. 2010) (quoting *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Because a petitioner must prove both deficient performance and prejudice in order to prevail on a claim of ineffective assistance of counsel, the failure to prove either element defeats such a claim. *See Young v. State*, 746 N.E.2d 920, 927 (Ind. 2001).

[11] There is a strong presumption that trial counsel rendered adequate service. *Bethea*, 983 N.E.2d at 1139. "We afford counsel considerable discretion in choosing strategy and tactics, and '[i]solated mistakes, poor strategy, inexperience, and instances of bad judgment do not necessarily render representation ineffective,'" *State v. Hollin*, 970 N.E.2d 147, 151 (Ind. 2012) (quoting *Timberlake v. State*, 753 N.E.2d 591, 603 (Ind. 2001)).

[12] Acuna-Hinojosa first argues that a *Cronic* violation occurred. *See U.S. v. Cronic*, 466 U.S. 648 (1984). He did not, however, present a *Cronic* claim to the post-conviction court and thus, the post-conviction court was not given the opportunity to rule on this independent ground. He has therefore waived this issue for our review. *See* Ind. Post-Conviction Rule 1(8) ("All grounds for relief available to a petitioner under this rule must be raised in his original petition").

[13] Waiver notwithstanding, Acuna-Hinojosa's claim fails. The Sixth Amendment to the United States Constitution guarantees the assistance of counsel at all critical stages of proceedings. *Id*. at 659; *see also Mosley v. State*, 908 N.E.2d 599, 604 (Ind. 2009). The right to assistance of counsel is so essential that prejudice

is presumed when there is actual or constructive denial of the assistance of counsel. *Hernandez v. State*, 761 N.E.2d 845, 849 (Ind. 2002) (citing *Strickland*, 466 U.S. at 692). In *Cronic*, the United States Supreme Court created a narrow exception to the *Strickland* inquiry and held that in extreme cases "a presumption of ineffectiveness" may be justified as to obviate the need for inquiry into counsel's actual performance. 466 U.S. at 662. There are only a few situations that justify such an extreme measure: (1) when counsel is completely denied; (2) when counsel wholly fails to subject the prosecution's case to meaningful adversarial testing; and (3) when circumstances are such that "the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate without inquiry into the actual conduct of the trial." *Conner v. State*, 711 N.E.2d 1238, 1254 (Ind. 1999) (quoting *Cronic*, 466 U.S. at 659-60).

[14] Acuna-Hinojosa argues that he was completely denied the right to counsel prior to trial because he claims his appointed counsel met with him once on the day of trial and did not use an interpreter to aid in communication. Specifically, he maintains that his trial counsel failed to discharge his duty to make a reasonable investigation of his case, which he asserts should at least have included an effective pre-trial consultation with him.

[15] Aside from his own self-serving assertions that he was deprived of counsel, Acuna-Hinojosa has failed to present any meaningful evidence in support of his claim. In fact, the record establishes that he was appointed a public defender and that the public defender appeared with Acuna-Hinojosa at a pre-trial

conference and again met with him prior to trial, albeit briefly. During the trial, Acuna-Hinojosa was represented by a certified legal intern under the supervision of his public defender. The State's case was subjected to adversarial testing in the form of a motion to suppress evidence and attempted refutation of Acuna-Hinojosa's *mens rea* in committing the crimes. A relevance objection was also asserted with regard to introduction into evidence of pieces of identification belonging to someone other than Acuna-Hinojosa that were found on Acuna-Hinojosa's person. Acuna-Hinojosa asserts no grounds that fall within the third situation presented in *Cronic*, and he has consequently failed to meet his heavy burden of establishing a *Cronic* violation.

[16] We turn now to his claim of ineffective assistance of counsel under *Strickland*. We begin by noting that the gist of Acuna-Hinojosa's claim is that his counsel did not meet with him prior to trial to discuss trial strategy or possible defenses. The only evidence in support of his claim is his own self-serving statements. Acuna-Hinojosa did not call or solicit evidence from his appointed counsel. When a petitioner does not present evidence from his trial counsel, it can be presumed that counsel's testimony would not have been favorable. *See Culvahouse v. State*, 819 N.E.2d 857, 863 (Ind. Ct. App. 2004). Acuna-Hinojosa has not shown that his allegations are true, and in fact, the post-conviction court found them factually lacking. Acuna-Hinojosa has failed to overcome the presumption that his counsel rendered effective representation.

[17] We further note that Acuna-Hinojosa failed to demonstrate how he was prejudiced by counsel's performance. There was ample evidence of his guilt.

Indeed, Acuna-Hinojosa admitted that he did not have a driver's license and Sergeant Driver testified that the handgun was in plain view as it was sticking out between the arm rests of the front seats. Acuna-Hinojosa was the only one in the car. His claim that the handgun was not his does not establish a defense to the crime of carrying a handgun without a license under these circumstances. Acuna-Hinojosa cannot show that counsel's performance, even if deficient, affected the outcome.

[18] In sum, we conclude that the post-conviction court did not err in denying Acuna-Hinojosa's petition for post-conviction relief.

[19] Judgment affirmed.

[20] Riley, J. and Crone, J., concur.