## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 26 2018, 8:47 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| APPELLANT PRO SE | ATTORNEYS FOR APPELLEE |
| --- | --- |
| Jessie Johnston<br>Michigan City, Indiana | Curtis T. Hill, Jr.<br>Attorney General of Indiana |
| | Michael Gene Worden<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
| --- | --- |
| Jessie L. Johnston,<br>*Appellant-Petitioner,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Respondent.* | October 26, 2018<br><br>Court of Appeals Case No.<br>02A03-1709-PC-2296<br><br>Appeal from the Allen Superior Court<br><br>The Honorable Frances C. Gull, Judge<br><br>Trial Court Cause No.<br>02D04-1502-PC-26 |

**Robb, Judge.**

# Case Summary and Issue

[1] Jessie Johnston appeals the denial of his petition for post-conviction relief, raising one issue for our review, which we restate as whether the post-conviction court erred in denying his petition. Concluding the post-conviction court did not err because Johnston failed to prove his claims, we affirm.

# Facts and Procedural History

[2] In 2013, Johnston was found guilty by a jury of two counts of child molesting as Class A felonies, one count of child molesting as a Class C felony, and two counts of contributing to the delinquency of a minor, both Class A misdemeanors. The convictions stemmed from a weekend in the fall of 2012 when the victim, a fourteen-year-old who babysat for Johnston's children, claimed Johnston had sexual intercourse with her while his wife was out of state. Johnston filed a direct appeal, alleging the evidence was insufficient to support his convictions, the trial court abused its discretion in sentencing him, and his forty-five-year sentence was inappropriate. We affirmed in all respects. *Johnston v. State*, 2014 WL 406758 (Ind. Ct. App. Feb. 3, 2014).

[3] In 2015, Johnston filed a petition for post-conviction relief alleging, among other things, that his trial counsel was ineffective for failing to investigate and call allegedly favorable witnesses. On January 3, 2017, the State filed a motion

to require Johnston to submit his case by affidavit, as he was proceeding pro se.[1] Accordingly, Johnston submitted his "Autobiographical Affidavit" on April 3, 2017, "deny[ing] and counter[ing] any/all assertions made" by several State's witnesses at trial, alleging his trial counsel did not properly investigate witnesses favorable to him, and alleging the trial court judge was biased against him. Appendix, Volume Two at 21. The post-conviction court issued its findings of fact and conclusions of law on September 12, 2017, denying Johnston's petition. Johnston now appeals.

# Discussion and Decision

## I. Standard of Review

[4] "Post-conviction proceedings do not afford the petitioner an opportunity for a super appeal, but rather, provide the opportunity to raise issues that were unknown or unavailable at the time of the original trial or the direct appeal." *Turner v. State*, 974 N.E.2d 575, 581 (Ind. Ct. App. 2012), *trans. denied*. Post-conviction proceedings are civil in nature and the petitioner must therefore establish his claims by a preponderance of the evidence. Ind. Post-Conviction Rule 1(5).

---

[1] Ind. Post-Conviction Rule 1(9)(b) allows the post-conviction court to order the cause submitted on affidavits if the petitioner is proceeding pro se.

[5] On appeal, a petitioner who has been denied post-conviction relief faces a "rigorous standard of review." *Dewitt v. State*, 755 N.E.2d 167, 169 (Ind. 2001). We may not reweigh the evidence or reassess the credibility of the witnesses and we consider only the evidence and reasonable inferences supporting the judgment. *Hall v. State*, 849 N.E.2d 466, 468 (Ind. 2006). The petitioner must show that the evidence is without conflict and leads unerringly and unmistakably to a conclusion opposite the one reached by the post-conviction court. *Strowmatt v. State*, 779 N.E.2d 971, 975 (Ind. Ct. App. 2002).

[6] We do not defer to the post-conviction court's legal conclusions, but do accept its factual findings unless they are clearly erroneous. *Stevens v. State*, 770 N.E.2d 739, 746 (Ind. 2002), *cert. denied*, 540 U.S. 830 (2003). However, we note that where, as here, the judge who presided over the original trial is also the judge who presided over the post-conviction proceedings, the post-conviction court's findings and judgment are entitled to "greater than usual deference[.]" *Hinesley v. State*, 999 N.E.2d 975, 982 (Ind. Ct. App. 2013), *trans. denied*. This court has found judges in that circumstance to be uniquely situated to assess whether trial counsel's performance was ineffective. *Id*.

## II. Ineffective Assistance of Trial Counsel

[7] Although Johnston raised several claims in his petition for post-conviction relief, he pursues only one on appeal: whether his trial counsel was ineffective for failing to investigate and call witnesses favorable to him. The post-conviction court made the following conclusions regarding this claim:

3. A defendant cannot show that failure to call a witness amounted to ineffective assistance without producing evidence as to what that witness would have said and how that witness's testimony would likely have affected the outcome of the trial. Mr. Johnston asserts that [his trial counsel] was ineffective in failing to obtain the testimony of [the victim's] aunt and cousin, as well as the cousin's friend Alexis, Pamela Johnston, Lori Nicole, and persons called "Kate and Atlas." Aside from his own say-so, Mr. Johnston has produced no evidence as to what these witnesses would have said, much less how their testimony would likely have affected the outcome of the trial (if it would). A convicted defendant's uncorroborated, self-serving statements do not suffice to support a claim for post-conviction relief.

Appellant Brief at 22 (citations omitted).

[8]     When evaluating an ineffective assistance of counsel claim, we apply the two-part test articulated in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Humphrey v. State*, 73 N.E.3d 677, 682 (Ind. 2017). To satisfy the first prong, "the defendant must show deficient performance: representation that fell below an objective standard of reasonableness, committing errors so serious that the defendant did not have the 'counsel' guaranteed by the Sixth Amendment." *McCary v. State*, 761 N.E.2d 389, 392 (Ind. 2002) (citing *Strickland*, 466 U.S. at 687-88). To satisfy the second prong, "the defendant must show prejudice: a reasonable probability (i.e. a probability sufficient to undermine confidence in the outcome) that, but for counsel's errors, the result of the proceeding would have been different." *Id.* (citing *Strickland*, 466 U.S. at 694).

[9]     We strongly presume that counsel rendered adequate assistance. *See Strickland*, 466 U.S. at 689-90. Under certain circumstances, a failure to call a useful

witness can constitute deficient performance. *See Brown v. State*, 691 N.E.2d 438, 447 (Ind. 1998). However, both the Indiana Supreme Court and this court have previously held that a "decision regarding what witnesses to call is a matter of trial strategy which an appellate court will not second-guess[.]" *Id.*; *see also Johnson v. State*, 832 N.E.2d 985, 1003 (Ind. Ct. App. 2005), *trans. denied*.

[10] Despite the fact that Johnston bore the burden of proving his trial counsel was ineffective, he presented no evidence to support his post-conviction claims. He neither fully identified potential witnesses nor provided affidavits of what their testimony would have been had his counsel called them.[2] Thus, other than his own self-serving statement of what their testimony would have been, Johnston has failed to show that helpful testimony could have been adduced from these witnesses. *See Lee v. State*, 694 N.E.2d 719, 722 (Ind. 1998) (noting that when an ineffective assistance claim is premised on failure to present witnesses, the petitioner must offer evidence as to who the witnesses were and what their testimony would have been), *cert. denied*, 525 U.S. 1023 (1998).

[11] Johnston also did not provide an affidavit from his trial counsel and therefore he did not discount the possibility that trial counsel was unable to find these witnesses or otherwise made a strategic decision not to call them. *See*

---

[2] In his petition for post-conviction relief, Johnston alleged his trial counsel failed to call the "Aunt of [the victim] named Pamela (unknown)"; "(unknown), the Cousin of [the victim]"; and the "Cousin's friend . . . Alexis (unknown)." App., Vol. Two at 54-55. Further, in his affidavit, he averred his counsel did not depose "the parties referred to as; Kate and Atlas." *Id.* at 25. As noted below, Johnston himself states he was able to locate these witnesses only recently.

*Culvahouse v. State*, 819 N.E.2d 857, 863 (Ind. Ct. App. 2004) (noting that when a post-conviction petitioner does not provide evidence from counsel, "the post-conviction court may infer that counsel would not have corroborated the petitioner's allegations"), *trans. denied*. The total absence of evidence on Johnston's claims of ineffective assistance of counsel supports the post-conviction court's conclusion that Johnston did not meet his burden of proving that he was entitled to relief.

[12] As a final matter, Johnston claims that he was unfamiliar with the procedure by which post-conviction proceedings are submitted by affidavit, was unable to procure evidence from his witnesses because he is currently incarcerated, and "only just recently received the addresses of these witnesses[.]" Appellant Br. at 11. He requests that we remand this case to the post-conviction court "with instructions to allow him to introduce these missing witnesses [sic] testimony[.]" *Id.* at 16. However, a pro se petitioner is held to the same performance standards as a practicing attorney. *Lee v. State*, 91 N.E.3d 978, 990 (Ind. Ct. App. 2017), *trans. denied*. Johnston filed his petition for post-conviction relief in February of 2015. His case was not ordered to be submitted by affidavit until early 2017. Therefore, he had two years prior to submission of the case to the post-conviction court in which to obtain the information he now claims to have. In any event, he is not entitled to a second post-conviction hearing to correct his own omissions from the first submission.

# Conclusion

Johnston has failed to show on appeal that the evidence is without conflict and leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. The judgment is therefore affirmed.

Affirmed.

Baker, J., and May, J., concur.