## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jan 23 2019, 10:27 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mario Massillamany
Massillamany Jeter & Carson LLP
Fishers, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Quantae A. Johnson,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | January 23, 2019<br><br>Court of Appeals Case No.<br>29A05-1712-CR-2974<br><br>Appeal from the Hamilton<br>Superior Court<br><br>The Honorable Jonathan M.<br>Brown, Judge<br><br>Trial Court Cause No.<br>29D02-1608-F6-6740 |

**Baker, Judge.**

[1] Quantae Johnson appeals after he pleaded guilty to Level 5 Felony Neglect of a Dependent[1] and Level 6 Felony Neglect of a Dependent.[2] We restate Johnson's arguments as follows: (1) the trial court erred by denying his request to withdraw his guilty plea; (2) the trial court made multiple pretrial errors; and (3) Johnson received the ineffective assistance of trial counsel. Finding that the trial court did not err by denying Johnson's request to withdraw his guilty plea and that, by pleading guilty, Johnson waived his right to raise the other arguments, we affirm.

## Facts

[2] In August 2016, Carmel police learned of allegations regarding Johnson's treatment of his minor sons, Q.A.J. and Q.J.J., after Q.J.J. ran away from home. A medical examination revealed that Q.J.J. was five feet tall and weighed only seventy-two pounds, leading doctors to conclude that he was severely malnourished. During the ensuing investigation, medical providers determined that Q.A.J. was also underweight and suffering from malnourishment. Johnson withheld food from his children as punishment. He reported that he disciplined Q.J.J. by forcing him to engage in physical exercise such as sit-ups and push-ups and tried to prevent Q.J.J. from running away by

---

[1] Ind. Code § 35-46-1-4.

[2] *Id.*

requiring that the child wear only underwear or his sister's clothes while he was at home.

[3] On August 30, 2016, the State charged Johnson with Level 6 felony neglect of a dependent, later adding a second count of the same charge and a count of Level 5 felony neglect of a dependent. On October 3, 2017, Johnson pleaded guilty to one count of Level 6 and one count of Level 5 felony neglect of a dependent in exchange for the dismissal of the second Level 6 felony charge. At the guilty plea hearing, Johnson admitted to the factual basis underlying the charges and stated that he had read, understood, and signed the plea agreement.

[4] At the November 27, 2017, sentencing hearing, Johnson told the trial court that he felt like he had been forced into the plea agreement and that he wanted to "back out" of the guilty plea. Tr. Vol. II p. 39. Johnson stated that he believed his attorney had not had time to prepare for a trial and that Johnson felt "under duress" when the prosecutor informed him that there would be no further plea offers if Johnson did not plead guilty. *Id.* at 43. Johnson did not file a written motion to withdraw his guilty plea. After reviewing the advisements and Johnson's statements from the guilty plea hearing, the trial court denied the request to withdraw the plea agreement.

[5] The trial court imposed a sentence of 910 days for the Level 6 felony conviction. Of that term, the trial court ordered that 870 days would be suspended to probation and that 40 days would be served in the Department of Correction. For the Level 5 felony conviction, the trial court imposed a

consecutive term of six years, with four years and three months suspended to probation, with the executed portion of the sentence to be served on home detention. Johnson now appeals.

# Discussion and Decision

## I. Withdrawal of Guilty Plea

[6] We turn first to Johnson's argument that the trial court erred by denying his request to withdraw his guilty plea. After a guilty plea is entered but before the sentence is imposed, a defendant may request to withdraw his guilty plea for any fair and just reasons unless the State has been substantially prejudiced by its reliance upon the plea. Ind. Code § 35-35-1-4(b). If the defendant proves by a preponderance of the evidence that the withdrawal is necessary to correct a manifest injustice, the trial court must grant the motion. *Id.* Absent such a showing, the decision to grant or deny the motion rests solely in the trial court's discretion. *Id.* The trial court's ruling on a motion to withdraw a guilty plea arrives in this Court with a presumption in favor of the ruling. *Coomer v. State*, 652 N.E.2d 60, 62 (Ind. 1995).

[7] Indiana Code section 35-35-1-4(b) explicitly states that a motion to withdraw a guilty plea "shall be in writing and verified . . . [,] shall state facts in support of the relief demanded, and the state may file counter-affidavits in opposition to the motion." Here, Johnson did not file a written, verified motion, nor did the State have the opportunity to file counter-affidavits in opposition. Therefore, by the

plain terms of the statute, Johnson was not entitled to withdraw the plea and the trial court did not err by denying his request.

[8] Failure to file a written motion notwithstanding, we note that none of his arguments supporting his request to withdraw the plea are compelling. He argues that he should have been permitted to withdraw the plea because the trial court did not grant him a continuance, but at the time of the guilty plea, the case had been pending for over a year and the trial court had already granted two continuances to Johnson. He claims that he did not admit his guilt when he pleaded guilty, but he plainly did just that at the guilty plea hearing and in the plea agreement itself. Tr. Vol. II p. 16; Appellant's App. Vol. II p. 148-49. Indeed, Johnson made no protestation of innocence whatsoever at the guilty plea hearing. *See Ellis v. State*, 67 N.E.3d 643, 650 (Ind. 2017) (noting that the rule that a guilty plea accompanied by a denial of guilt may not be accepted is explicitly contingent on the protestation of innocence occurring at the same time the defendant attempts to enter the plea).

[9] Johnson seems to argue that he was unaware of the provision in the plea agreement that waived his right to appeal his sentence, but he affirmed at the guilty plea hearing that he had read, signed, and initialed the plea agreement. In fact, the provision regarding waiver of the right to appeal bears Johnson's initials. *See Creech v. State*, 887 N.E.2d 73, 75 (Ind. 2008) (holding that a defendant may waive the right to appellate review of his sentence as part of a written plea agreement). Moreover, the trial court advised him that by pleading guilty, he would be giving up multiple rights, including the right to appeal. Tr. Vol. II p. 7-

8.  And to the extent that he argues that he could not intelligently waive his right to appeal because he did not know what sentence would be imposed, the plea agreement plainly spells out precisely what the sentence would be, the trial court explained what the sentence would be, and Johnson indicated at the guilty plea hearing that he understood what the sentence would be. *Id.* at 8-12, 16-17; Appellant's App. Vol. II p. 145.

[10]  Finally, Johnson claims that he pleaded guilty because he was "under duress and panic[.]" Appellant's Br. p. 18. But he did not raise this claim at the guilty plea hearing, instead affirming that he was satisfied with his counsel's representation and was pleading guilty freely and voluntarily. *See Johnson v. State*, 734 N.E.2d 242, 245 (Ind. 2000) (noting that the answers the defendant gave "while pleading guilty belie his later assertion that the only reason he entered a guilty plea is because his counsel pressured him"). Having considered all of Johnson's arguments, we find that the trial court did not err by denying the motion to withdraw his guilty plea.[3]

## II.  Remaining Arguments

[11]  Johnson argues that the trial court erred in its pretrial rulings (related to his request to join his case with his wife's case and to his request for a change of venue) and that his trial counsel was ineffective. As for the pretrial rulings, it is

---

[3] Johnson also highlights recent amendments to the sentence modification statute and claims that because of these changes, he should be allowed to withdraw his guilty plea. But this statute is irrelevant to this appeal, as the statute relates to motions to modify a sentence, which is not at issue here. Ind. Code § 35-38-1-17.

well established that a defendant may not question pretrial orders after pleading guilty. *E.g.*, *Branham v. State*, 813 N.E.2d 809, 811 (Ind. Ct. App. 2004). Therefore, we decline to consider these arguments.

[12] As for his claim of ineffective assistance, it is well established that when a defendant pleads guilty, he may not challenge the validity of his conviction on direct appeal. *E.g.*, *Prowell v. State*, 687 N.E.2d 563, 564 n.1 (Ind. 1997). Indeed, the only claims a defendant may raise on direct appeal following a guilty plea are (1) a challenge to the trial court's sentencing decision where the trial court exercised sentencing discretion; or (2) a challenge to the trial court's denial of a motion to withdraw a guilty plea before sentencing. *Allen v. State*, 865 N.E.2d 686, 688-89 (Ind. Ct. App. 2007). A challenge to the effectiveness of counsel is not included in these options; therefore, this claim is not available to Johnson on direct appeal.

[13] Even if we were to consider the ineffective assistance claim herein, we note that Johnson fails to cite to the record or legal authority in support of this argument. And indeed, it is well accepted that a post-conviction proceeding is normally the preferred forum for adjudicating such claims because the presentation of such arguments often requires the development of new facts not present in the record, including testimony from trial counsel regarding his thought processes, pretrial investigation, and consideration of possible defenses. *McIntire v. State*, 717 N.E.2d 96, 101 (Ind. 1999); *Culvahouse v. State*, 819 N.E.2d 857, 863 (Ind. Ct. App. 2004). Under these circumstances, we find that Johnson has not established that he received the ineffective assistance of counsel.

[14]    The judgment of the trial court is affirmed.

May, J., and Tavitas, J., concur.